Tayior, Chief-Justice,
 

 delivered the opinion of the Court:
 

 It is
 
 well settled that in this action malice and the want of probable cause must both concur, otherwise the action will not lie. Malice alone is not sufficient $ because a just accusation may be made from malicious motives. Nor is theSvant of probable cause alone sufficient. But as malice is express or implied, it is frequently implied from the want of probable cause. Whether there be probable cause for the prosecution, must depend on all the circumstances of the
 
 case;
 
 but that which indicates its absence most strongly, is the discharge by the magistrates, after a Ml and fair examination of the evidence. This discharge proves a presumption in favor of the Plaintiff’s innocence; for, until it took place, it could not be inferred that the charge against him was without probable cause. Hence the necessity of always stating in the declaration that the Plaintiff had been discharged from the prosecution and when that is proved, as it always must be, it certainly amounts to
 
 prima fade
 
 evidence of the want of probable cause. As it is not necessary to prove express malice in this action, to the support of which, implied malice is sufficient, the discharge of the Plaintiff, resulting from the absence of any proof of his guilt, was one circumstance from which that implication might arise. It should have been stated to the Jury, as
 
 prima fade
 
 evidence o? the want of probable cause, and then the
 
 onus
 
 of proving the existence of probable cause, would have been thrown on the Defendant. A new trial is therefore awarded, and upon the trial of the cause, the Jury ought to be instructed that the dismissal of the Plaintiff by the magistrates, was
 
 pmnafade
 
 evidence of the want of probable cause.