Ruffin, C. J.
 

 We think, there is error in the
 
 point
 
 excepted to
 
 by the
 
 defendant. The grounds of this action have been said to be, “ on the plaintiff’s side, innocence; on the defendant’s, malice.” Bul. N. P. 14. The innocence of the plaintiff, which is meant, is not merely that he is able upon a trial to prove himself not guilty, but it is such entire innocence, that there was no just ground or probable cause to suspect his guilt. If, in such a case as this last, a person be maliciously prosecuted, the law most properly gives an action. But as the common interest requires, when a crime has been committed, that the prosecutor should be discovered and punished, the action is not given, though there was not probable cause to believe that the accused was not guilty, unless the prosecutor made the charge, not with a view to a fair investigation, but from malice, for the purpose of oppressing the accused, or from some other bad motive. Now, there may be many cases, in which the influence of such bad motive may be almost irresistible, from the absence of probable cause. The grounds of suspicion may be so light as to satisfy the mind, that the prosecutor could not expect the accused to be convicted on them, and that they were used as a pretence, as furnishing the opportunity, under the semblance of aiding in the execution of public justice, to gratify private ill will. Again, however grave the circumstances of suspicion may, in themselves appear, yet, if the prosecutor be aware that any that are material be not as they appear, if he
 
 knew
 
 that the person charged was not guilty, the conclusion would unavoidably be, that
 
 he
 
 had no probable cause; and, further, that he was actuated by malice, the intention to use the privilege of prosecuting for a wrongful purpose. But on the other hand, there are many other cases, in which a person may prosecute another, without sufficient
 
 prima facie
 
 evidence, without a bad motive, and from upright views of enforcing public justice. It often requires professional skill to connect and
 
 *85
 
 weigh the evidence, and give opposing probabilities their per effect. Ordinary persons may honestly err in deducing conclusions from circumstances, indicative of the guilt or innocence of the accused person. For it. is a nice point, on which even judges differ, whether in a particular case there was or was not probable cause. If, therefore, a prosecutor erred in that point, and yet was able to show the honesty of his error, he ought not to be liable in damages. Such honesty may be established in a variety of ways, as from friendly relations between the parties, or a reluctance to institute the prosecution, except, apparently, as a matter of duty, or from the near approach of circumstances to the constitution of probable cause, though not coming up to it, or any other evidence of the actual considerations which prompted the charge. Hence, it has been properly said, that malice may be inferred from the want of probable cause;
 
 Sutton
 
 v. Johnston, 1 T. R. 493, 545. It is equally apparent, that it is not necessarily to be inferred therefrom. On the contrary, it must in every case be properly an enquiry for the jury as to the actual fact, under explanations from the court. If it were not so, it should be said at once, that the action lies for a prosecution without probable cause, for it is obviously idle to add, that there must also be malice in the prosecutor, if the want of probable cause proves malice. The law draws no such presumption ; for though it often might be true, it would often be untrue in point of fact.
 

 Although
 
 the
 
 defendant’s exception does not embrace it, yet another observation dropped from his Honor, which, as applicable to this case, we deem not entirely accurate, and therefore notice. It is the direction, that upon the enquiry into probable cause,only such facts are to be considered, as were known to the defendant, when he instituted the prosecution. The proposition is true, when a plaintiff is endeavoring to establish, that there was, in fact, no probable cause, by new evidence, which rebuts the circumstances on which the prosecutor acted. The latter may with reason insist, that of this new evidence he knew nothing, aud, as without it, the other circumstances
 
 *86
 
 would make a probable cause, they justified at the time his proceeding. But it is not equally reasonable with respect to further evidence offered by the defendant to establish just gT0U1Kjs 0f SUSpici0n. Such evidence for that purpose, seems to stand on the same footing with similar evidence, that the plaintiff was actually guilty. There is no doubt, that a defendant in this action may allege that the plaintiff, though acquitted in the prosecution, was actually guilty, and that he may prove the guilt by any evidence in his power, though discovered after the prosecution began, or after it ended. The law does not give the action to a guilty man. He brings it as an innocent one, and if it appear on the trial in any way, that he is not, he must fail. So it must also be as to probable cause. For, as the defendant may show, that an acquitted plaintiff was, nevertheless, guilty, he can for the same reason show, that he was probably guilty, and in each case by evidence of the like kind.
 

 Pee. OuRiam, Judgment reversed and
 
 venire de novo.