Pearson, J.
 

 Iiis Honor charged, “that, taking all the facts fo be true, as proved,” there was no probable cause. We think, there was not only probable cause, but strong proof of guilt. The defendant’s money was stolen — no one had a chance to steal it but the plaintiff. The plain
 
 *291
 
 tiff knew, that the defendant had money — insisted on sleeping with him, instead of going to his own room — left town the next morning before day, under suspicious circumstances ; and, when told of the charge, instead of hastening to the plaintiff to make explanations, takes care to go to his sister’s before he is arrested.
 

 We suppose his Honor did not give the defendant the benefit of his oath before the justice of the peace, as evidence for him ; and, of course, did not think there was any evidence, that the money had been stolen. This may account for the conclusion that there was no probable cause. But it is well settled, that in actions of this kind, the oath of the defendant is evidence for him.
 
 Moody
 
 v.
 
 Pender,
 
 2 Hay. 29.
 
 Swaim
 
 v.
 
 Stafford,
 
 3 Ired. 293. The good sense of the rule cannot be doubted ; for, in many cases, the facts, which make out probable cause, are known to the prosecutor only, and to exclude his oath in relation to them would be to hand him over to the mercy of the person charged, whenever there happened not to be a conviction ; and all, who escaped the whipping post, would turn around and bring an action for malicious prosecution.
 

 In deciding the question of probable cause, the fact sworn to b} the brother-in-law of the plaintiff, that he went to the sale to surrender himself, and the fact of his having only 75 cts. when arrested, and his good general character, which, it was not proven, was known to the defendant at the time he took out the State’s warrant, ought not to have been taken into consideration by his Honor. The defendant is only to be fixed with a want of probable cause, by what he knows, when he commences the prosecution ; although he is allowed to protect himself by any facts, which he is able afterwards to prove, •which show the plaintiff to be guilty, or which tend to show it. This is fully discussed in
 
 Bell
 
 v.
 
 Pearcy,
 
 5 Ire. 84.
 

 
 *292
 
 His Honor also erred in telling the jury, “’that the only question for them was the amount of damage.”
 

 The gist of the action is a want of probable cause,
 
 and malice.
 

 The dismissal of the State’s warrant raised a presump, tion of the want of probable cause, but it did not also raise a presumption of malice ; for, the question of malice was not enquired of by the justice of the peace. Iiis investigation was confined to the enquiry, as to the existence of probable cause. How could his decision affect the question of malice ?
 

 Malice may, in some cases, be inferred from the want of probable cause, but the law makes no such presumption. It is a mere inference of fact, which the jury may or may not make ; and it should have been left to them, in addition to the question of 'damage.
 

 Peu„Curiam.
 

 Judgment set aside and a
 
 venire de nova
 
 awarded.