NANCY L. McGOWAN v. W. K. McGOWAN.

(Decided March 1, 1898.)

*Action for Malicious Prosecution—Malice—Question for Jury—Trial.*

While, in some cases, malice may be inferred from the want of probable cause, the law makes no such presumption and, in the trial of an action for malicious prosecution, it is for the jury and not the Court to make such inference of fact.

CIVIL ACTION for damages for malicious prosecution, tried before *Timberlake, J.,* and a jury at September Term, 1897, of PITT Superior Court. The issues submitted and the responses thereto were as follows:

1st. Did the defendant maliciously and without probable cause procure the arrest and imprisonment of plaintiff as alleged? Ans. yes.

2nd. What damage has the plaintiff sustained thereby? Answer. $1500.00.

3rd Did the defendant speak maliciously of and concerning the plaintiff. the false and defamatory words alleged in the 2nd cause of action? Ans. yes.

4th. What damage has the plaintiff sustained thereby? Answer. $1,000.00.

J. A. Lang testified for the plaintiff that, at the

122—10

instance of the defendant, he issued a warrant on the
4th day of November, 1895, against the plaintiff for
larceny. of wood belonging to the defendant; that the
case was dismissed after the hearing before him and the
defendant was adjudged to pay the costs.

The plaintiff testified as follows:

"I was brought to Greenville by the Sheriff from my
home about five miles in the country, having been ar-
rested by him under the warrant for larceny, sworn out
by the defendant before J. A. Lang, Justice of the
Peace, being the warrant put in evidence herein; was in
Sheriff's custody from 1 o'clock p. m., until night. I
was, gathering corn in my mother's field, and came to
where a tree had been cut down in the field across
thirteen rows of corn and split up into wood. My
sister and myself hauled this wood home and both of us
were arrested on same warrant, charging us with
larceny of this wood. Am cousin of the defendant. It
was eleven or twelve o'clock in the day when we hauled
wood away. Don't know who cut wood; wood was on
land leased by my mother from Mr. Skinner. She went
there in 1853 and has lived there continuously since.
The tree was standing in fence run on mother's
leased land. and was cut down across the corn cultivated
by us on said land, and the wood was split up on said
land. For some time the defendant's feelings towards
me have not been good. The defendant said to me
during trial before Mr. Lang, "You stole my wood
and you stole my rails that Ed. Carney mauled."
There were a number of people present in the room at
the time he said this, who heard it. He had been driv-
ing up and down our field, said he would do as he
pleased. He and his hands would pass through the cul-
tivated field near the house singing and cursing. There

McGOWAN *v.* McGOWAN.

was no road at all until he made one.    He would just
drive where there was no road—and drive across our
crops after they were planted.    He had gun in his
buggy twice when passing through field.    My brother
objected to his going through field and we filled up the
path made by his passing through there twice, but he
cleaned it out and went right on.  I suffered greatly in my
feelings when arrested and have suffered greatly since.
Can't describe my feelings.    It has given me lots of
trouble.    Have suffered great pain and anguish on ac-
count of it.    I never stole any rails or bothered any.
A number of people were present when he said I stole
rails."

Several witnesses testified to plaintiff's good char-
acter.

Here the plaintiff rested her case, and the defendant
offered no evidence.

His Honor stated that he should instruct the jury that,
if they believed the evidence, they must answer first
and third issues yes, and did so instruct the jury and
defendant excepted.

The Court further charged the jury fully as to the
law and measure of damages, to which there was no
exception.

While defendant's counsel was addressing the jury,
counsel for plaintiff arose and objected to his making
an argument to show want of probable cause, inasmuch
as there was no denial in the answer of the issuing of
the warrant and her discharge upon it for larceny
of the plaintiff herein, who was the defendant in the
prosecution; that the law presumed probable cause, and
no evidence having been offered to rebut it, their want
of probable cause could not be argued to the jury.
Court sustained objection and defendant excepted.

McGowan *v.* McGowan.

Judgment was rendered for the plaintiff on the verdict above recited and defendant appealed.

*Messrs. Galloway & Tyson* and *James E. Moore*, for plaintiff.

*Messrs. Bond & Fleming* and *Jarvis & Blow*, for defendant (appellant).

MONTGOMERY, J.: The complaint sets forth two causes of action, the first one being for malicious prosecution and the second for slander. The defendant did not enter a demurrer on account of the misjoinder. The first issue was as to whether the arrest and imprisonment of the plaintiff was malicious and without probable cause, and the second was as to whether the defamatory words were spoken of the plaintiff maliciously. The defendant introduced no testimony. The Court instructed the jury that if they believed the evidence they should answer the first and third issues "Yes." In this instruction there was error in so far as it was applied to the first issue. In actions for malicious prosecution, both the want of probable cause and malice must concur. This Court said in *Johnston* v. *Martin*, 7 N. C., 248, that "malice alone is not sufficient, because a just accusation may be made from malicious motives; nor is the want of probable cause alone sufficient." In the case of *Johnson* v. *Chambers*, 32 N. C., 287 it was said that "the dismissal of the State's warrant raised a presumption of the want of probable cause but it did not also raise a presumption of malice; for the question of malice was not inquired of by the Justice of the Peace. Malice may in some cases be inferred from the want of probable cause but the law makes no such presumption. It is a mere inference of fact which the

jury may or may not make, and it should have been left to them." This Court also said in *Brooks* v. *Jones*, 33 N. C., 260 that "where there is a total want of probable cause the jury will infer malice almost of necessity, as a prosecution wholly groundless cannot be accounted for in any other way." On account of the error pointed out in his Honor's instruction there must be a new trial. And it is suggested that, if the trial is had on the same complaint and answer, the entire damages be assessed under one issue, and not under two issues as was the case on the last trial.

New trial.