STANFORD v. GROCERY COMPANY.

(Filed December 18, 1906).

*Malicious Prosecution—Abuse of Legal Process, Elements of—Issues—Probable Cause—Malice—Declarations of Agent—Knowledge of Agent—Imputed Knowledge—Indictment—Party Bound Over—Prima Facie Case—Damages: Compensatory, Punitive—Attorney's Fee.*

1. In an action for malicious prosecution, it must be shown that an action or proceeding has been instituted without probable cause, from malice, and that damage has been sustained, and that the proceeding has terminated.

2. In an action for malicious abuse of process, there must be shown (1) an ulterior purpose, and (2) some act done in the use of the process not proper in the regular prosecution of the case; but it is not necessary to show a want of probable cause, nor that the proceeding has terminated.

3. Where the complaint endeavors to set up two causes of action—one for malicious prosecution and the other for malicious abuse of process—but the evidence shows that the plaintiff's entire grievance arises from a criminal prosecution for embezzlement, in which he was arrested and bound over to Court, and there is no evidence that the defendant did or attempted to do any act in the criminal proceeding which was contrary to the orderly and regular prosecution of the case, an issue addressed to the cause of action for malicious abuse of process should not be submitted.

4. In an action for malicious prosecution in causing the arrest of plaintiff on a charge of embezzling goods which defendant claimed had been consigned and plaintiff claimed had been sold outright, the

statements made by defendant's salesman who effected the sale and just after the sale, to defendant's manager, who swore out the warrant, as to the nature of the trade under which the goods were passed to plaintiff, were competent both as corroborative of the salesman and substantive testimony on the question whether the defendant's manager, in taking out the prosecution, had probable cause for so doing and whether he acted in good faith.

5. The principle that knowledge of the agent will be imputed to the principal does not apply where the question is as to the responsibility for instituting a criminal prosecution, dependent in part, on what the principal understood the trade to be which the agent had made, from information reasonably relied on by him, nor does the principle of imputed knowledge apply when it would be against the interest of the agent to make the disclosure.

6. In an action for malicious prosecution, where the wrong charged against the defendant was in taking out a warrant and causing plaintiff's arrest, the declarations of the defendant made to the justice of the peace at the time the warrant was procured are admissible as substantive testimony as part of the *res gestæ.*

7. In an action for malicious prosecution, where a committing magistrate has bound over a party, or a grand jury has returned a true bill against him, such action *prima facie* makes out a case of probable cause, and the jury should be directed to consider the evidence as affected by this principle.

8. In an action for malicious prosecution, an instruction that if the jury find that the defendant sold the goods straight-out to the plaintiff, and that the defendant had him arrested for the purpose of collecting the debt, they would answer the issue of malice in favor of the plaintiff, because that would be a wrongful act done intentionally and without just cause and excuse, was erroneous, as it was for the jury to determine and not for the Court whether such an act was committed when the defendant caused the plaintiff's arrest under the evidence in this case.

9. In an action for malicious prosecution, on the question of damages the Court properly told the jury they could allow for a reasonable attorney's fee paid by plaintiff in the case in which the prosecution was had.

10. In an action for malicious prosecution, punitive or exemplary damages may be awarded by the jury, but the right to such damages does not attach, as a conclusion of law, because the jury have found the issue of malice against the defendant, but the jury must find that the wrongful act was done from actual malice in the sense

of personal ill-will, or under circumstances of insult, rudeness or oppression, or in a manner which showed a reckless and wanton disregard of the plaintiff's rights.

11. In an action for malicious prosecution, the term "malice," in reference to the question of damages, means malice in the sense of personal ill-will, while in respect to the issue fixing responsibility it need not necessarily be personal ill-will, but may be said to exist where there has been a wrongful act knowingly and intentionally done plaintiff without just cause or excuse, and it may be inferred from the absence of probable cause.

ACTION by W. A. Stanford against A. F. Messick Grocery Company, heard by *Judge R. B. Peebles* and a jury, at the February Term, 1906, of the Superior Court of ROCKINGHAM.

There was evidence tending to show that in November, 1900, the plaintiff became indebted to the defendant in about $97.29 for groceries sold and delivered to the plaintiff, and that such amount was still due and owing; that the transaction was conducted by R. E. Steele, who was at that time salesman for defendant company, and in the matter acted as its agent; that plaintiff having failed to pay, the defendant caused the arrest and trial of the plaintiff on a charge of embezzlement; that on the preliminary trial before a justice of the peace, in February, 1901, the plaintiff was bound over to Court, three magistrates sitting at the hearing; and at the following term of the Superior Court of Forsyth County a true bill was found by the grand jury against the plaintiff. At May Term, 1901, the plaintiff was acquitted in a trial of the cause before a petit jury, and the plaintiff then commenced the present action for malicious prosecution and malicious abuse of process.

The plaintiff claimed and offered evidence tending to show that there was an absolute sale of the goods and that the arrest was wrongful, malicious, without probable cause, etc., and because it appeared to be the only available method

of forcing the collection of the claim from the plaintiff, whom the defendant knew to be insolvent and otherwise protected by the homestead exemption laws of the State. There was evidence of the defendant tending to show that the goods were placed with the plaintiff on consignment and the plaintiff was guilty of embezzlement in wilfully failing to settle the claim or account for the proceeds of the sale of goods.

The following issues were submitted and responded to by the jury:

1. Did the defendant cause the arrest and prosecution of the plaintiff as alleged? Yes.

2. If so, was the arrest without probable cause? Yes.

3. If so, was the arrest malicious? Yes.

4. Did the defendant by its agent cause the plaintiff to be arrested and prosecuted for the unlawful purpose of forcing him to pay the debt due defendant by plaintiff, and not for the purpose of vindicating the law against embezzlement? Yes.

5. What amount, if any, is the plaintiff entitled to recover of the defendant? $2,000.

There was judgment for the plaintiff, and the defendant excepted and appealed.

*Lindsay Patterson* and *C. O. McMichael* for the plaintiff.
*Manly & Hendren* and *L. M. Swink* for the defendant.

HOKE, J., after stating the case: In this suit the plaintiff seeks to recover on two causes of action, to-wit, malicious prosecution and malicious abuse of process. The former exists when legal process, civil or criminal, is used out of malice and without probable cause, but only its regular execution is contemplated. There is malicious abuse of process where a party under process legally and properly issued employs it wrongfully and unlawfully, and not for the purpose it is intended by law to effect. *Wurmser v. Stone,* 1 Kan.

App., cited in 3 Ed. 1 Cooley on Torts, 356; *Emery v. Ginnan,* 24 Ill. App., 65; *Lauzon v. Charroux,* 18 R. I., 467.

For recovery on malicious prosecution, as stated in *Railroad v. Hardware Co.,* at this term, there must be shown that an action or proceeding has been instituted, without probable cause, from malice, and that damage has been sustained, and that the proceeding has been terminated by the discharge or acquittal of the accused. Cooley, *supra.* 320; Jaggard on Torts, 349.

In actions for malicious abuse of process, there must be shown (1) an ulterior purpose, and (2) some act done in the use of the process not proper in the regular prosecution of the case. A wilful perversion of the process of the Court to effect some collateral end, and one not within the scope of the action when regularly and properly pursued. Cooley, *supra,* 354, 355. In this last action it is not necessary to show a want of probable cause, nor that the proceeding has terminated.

On the trial below the defendant in apt time excepted to the submission of the fourth issue, which was addressed to the second cause of action, as stated in the complaint, that for abuse of legal process. If it be conceded that this issue may arise on the pleadings, there is no testimony to support it as a separate and distinct cause of action. In any event, its submission is not required, for a full and complete determination of the rights of the parties litigant can be better had without it. Both the allegations and the evidence show that the plaintiff's entire grievance arises, if at all, from the criminal prosecution for embezzlement, in which the plaintiff was arrested and bound over to Court. It is nowhere alleged, certainly there is no evidence to show, that the defendant did or attempted to do any act in this criminal proceeding which was contrary to the orderly and regular prosecution of the case. While the complaint endeavors to set up two causes of

action, as a matter of fact the testimony only discloses one—that for malicious prosecution—and the allegations purporting to be a second cause of action amount to nothing more than the assertion of a bad motive prompting the first.

If, under the principles governing such actions, the defendant was justified in instituting the criminal prosecution, the plaintiff has no cause of action, either first or second. If he was not, then the plaintiff can recover his entire damages on the first, second, third and fifth issues, and the motive suggested in the fourth issue can be received when properly established, and relevant on the issue as to malice or on the question of damages. As said in *Plummer v. Gheen,* 10 N. C., 66: "If a man prosecute another for real guilt, however malicious his motives may be, he is not liable in an action for malicious prosecution, nor is he liable if he prosecutes him for apparent guilt arising from circumstances which he himself believes."

The defendant by exceptions duly noted further objects to the ruling of the Court on the statements made by R. E. Steele, the agent who effected the sale, to A. F. Messick, manager of defendant company, as to the nature of the trade under which the goods were passed to the plaintiff (record, p. 39). These statements by Steele to Messick, when he returned from the plaintiff's place of business and just after effecting the deal, were admitted by the Court as corroborative of Steele, but rejected as substantive testimony. We think the ruling was erroneous, and that the evidence was competent for both purposes.

This is not a question simply of what were the terms of the trade, but whether the defendant, in taking out the prosecution, had probable cause for so doing and whether he acted in good faith. What the salesman told Messick of the trade is pertinent to that inquiry, and should be heard by the jury, and given such weight as they may think it deserves. *Swaim*

*v. Stafford,* 26 N. C., 392. If it be suggested that Steele was the defendant's agent, and that knowledge of the agent will be imputed to the principal, the reply is that such knowledge will be so imputed when the question is as to the fixing responsibility for a transaction done in the scope and course of the agency. *Fishblate v. Fidelity Co.,* 140 N. C., 589. But the principle does not apply here, where the question is not as to the terms of the trade, but as to the responsibility for instituting a criminal prosecution, dependent in part on what the defendant understood the trade to be, from information reasonably relied on by him. Furthermore, there is an exception to this rule of imputed knowledge when it would be against the interest of the agent to make the disclosure. If Steele sold the groceries to the plaintiff outright, when his instructions were to sell only on consignment, he would not likely make known such a violation of instructions, and the case would seem to fall under this recognized exception to the principle of imputed knowledge. Tiffany on Agency, 262, 263; *Allen v. Railroad,* 150 Mass., 200.

Again, the statement of the manager made to the justice of the peace at the time the warrant was procured, was excluded as substantive testimony, and this is contrary to our decisions. The actionable wrong charged against the defendant was in taking out the warrant and causing the plaintiff's arrest. This was the act complained of, and the declarations of the manager in taking out the warrant, explaining and characterizing the act, are admissible as part of the *res gestæ. Johnson v. Chambers,* 32 N. C., 287; *Merrell v. Dudley,* 139 N. C., 59, where *Mr. Justice Brown,* delivering the opinion, said: "Declarations or acts accompanying any act or transaction in controversy and tending to explain or illustrate it are received in evidence as part of the *res gestæ."*

The defendant also objects to a portion of the Judge's charge, as follows: "The fact that a magistrate binds a man over to Court and a grand jury finds a true bill against him is ordinarily evidence of probable cause for the jury to consider; but that rule does not apply to a case of this sort." It is certainly the general rule, applicable to cases of this character, that when a committing magistrate has bound the party over or a grand jury has found a true bill against him, such action *prima facie* makes out a case of probable cause, and the jury should be directed to consider the evidence as affected by this principle. *Johnston v. Martin,* 7 N. C., 248; *Bostick v. Rutherford,* 11 N. C., 83; *Bell v. Pearcy,* 33 N. C., 233; 19 Am. and Eng. Enc., 663, 664. We see no reason why the principle does not apply here.

His Honor, in response to a prayer by the defendant, himself instructed the jury further: "The fact that the justice bound Stanford over to Court, and the grand jury found a true bill against him, establishes, for the purpose of this action, *prima facie* that there was probable cause for the action of the Messick Grocery Company in swearing out the warrant; and before the jury can answer the second issue 'Yes,' the plaintiff Stanford must overcome this *prima facie* case, and satisfy the jury by the greater weight of evidence that the defendant swore out the warrant without probable cause." This states the doctrine correctly, but is in direct conflict with the portion of the charge excepted to, which is erroneous. The objection, therefore, must be sustained.

The defendant further excepts to the charge of the Court on the third issue—that addressed to the question of malice— as follows: "If the evidence satisfies you by the greater weight thereof that they sold the goods straight-out to Stanford, and that they went there and had him arrested for the purpose of collecting that debt, then the Court charges you that it is your duty to answer the third issue 'Yes,' because

that would be a wrongful act done intentionally and without just cause or excuse." Malice within the meaning of this issue does not necessarily mean personal ill-will, and the Court was therefore correct in its intimation that a wrongful act knowingly and intentionally done plaintiff without just cause or excuse, will constitute malice; but whether such an act was committed when the defendant caused the plaintiff's arrest, under the circumstances presented by this evidence, is for the jury to determine, and not for the Court. *Johnson v. Chambers, supra; McGowan v. McGowan,* 122 N. C., 145.

On the question of damages the Court properly told the jury they could allow for a reasonable attorney's fee, paid by the plaintiff in the case in which the prosecution was had. 1 Sedgwick, sec. 241. And it is also correct doctrine, as stated in the charge, that on a verdict for the plaintiff in malicious prosecution, punitive or exemplary damages may be awarded by the jury. *Kelly v. Traction Co.,* 132 N. C., 368. This right to punitive damages does not attach, however, as a conclusion of law, because the jury have found the issue of malice in such action against a defendant. The right under certain circumstances to recover damages of this character is well established with us; but, as said in *Holmes v. Railroad,* 94 N. C., 318, such damages are not to be allowed "unless there is an element of fraud, malice, gross negligence, insult or other cause of aggravation in the act which causes the injury." And again, in the concurring opinion in *Ammons v. Railroad,* 140 N. C., 200, it is said: "Such damages are not allowed as a matter of course, but only when there are some features of aggravation, as when the wrong is done wilfully or under circumstances of oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights." Attention is also called to this concurring opinion as to what may be properly included in compensatory damages.

The term "malice" here, in reference to the question of damages, unlike its meaning in the issue fixing responsibility, means actual malice in the sense of personal ill-will, and the jury should be instructed that if they find the issue fixing responsibility in favor of the plaintiff, they shall award him compensatory damages, and if they further find that the wrongful act was done from actual malice in the sense of personal ill-will, or under circumstances of insult, rudeness or oppression, or in a manner which showed a reckless and wanton disregard of the plaintiff's rights, they may, in addition to compensatory, award punitive damages. *Holmes v. Railroad, supra; Ammons v. Railroad, supra,* concurring opinion; *Bowden v. Bailes,* 101 N. C., 612; *Kelly v. Traction Co., supra;* 1 Joyce on Damages, sec. 442, citing numerous authorities; 19 Am. and Eng. Enc., 704.

In some of the earlier cases there is decided intimation that in actions which more especially impute malice, in case of recovery by plaintiff, such as slander or malicious prosecution, the right to punitive damages arises necessarily from a verdict for plaintiff; but in those cases, the circumstances, as a rule, did not call for any careful examination of the question, and the Court was not, therefore, advertent to the difference in the significance of the term "malice" when used in respect to damages and when it is used in respect to the issue fixing responsibility. In this last, it need not necessarily be personal ill-will, but, as intimated by his Honor in the charge, it may be said to exist where there has been a wrongful act, knowingly and intentionally done plaintiff without just cause or excuse, and it may be inferred in actions of this character from the absence of probable cause.

For the errors pointed out the defendant is entitled to a new trial, and it is so ordered.

New Trial.