HEZEKIAH BROWN, BY HIS NEXT FRIEND, v. D. U. MARTIN.

(Filed 11 September, 1918.)

1. **Malicious Prosecution—Criminal Law—Parties—Evidence.**

   Testimony that the recorder issued a warrant against the plaintiff in an action for malicious prosecution, in which the defendant was the prosecutor; that the defendant, as prosecutor therein, had employed an attorney to investigate the matter, who filled out and signed the warrant, and the defendant was present and testified at the trial of the criminal action, and paid fee of prosecuting attorney, is sufficient to connect the defendant with the criminal prosecution and make him liable in damages therefor.

2. **Malicious Prosecution — Criminal Law — Compensatory and Exemplary Damages—Malice—Ill-will.**

   Legal malice, in causing the arrest, is necessary in an action to recover damages for malicious prosecution, and may be inferred by the jury from the want of probable cause as a basis for awarding compensatory damages; but to recover punitive damages, in the discretion of the jury, the plaintiff must further show that the criminal act was wrongfully instituted from actual malice in the sense of personal ill-will, or under circum-

stances of insult, rudeness, or oppression, or in a manner which showed the reckless and wanton disregard of the plaintiff's right.

**3. Same—Evidence.**

In an action to recover damages for malicious prosecution, evidence tending to show that the prosecutor in the criminal action took the defendant therein, about 16 years of age, aside, before the trial, charged him with stealing his money, offered to give him half if he would confess and surrender the remainder, in so threatening a manner that he "had to tell him something," is sufficient as tending to prove the personal ill-will necessary to sustain a recovery of punitive damages, and that the defendant was not moved by consideration of the public interest in instituting the criminal prosecution, but for the purpose of extorting money.

APPEAL by defendant from *Connor, J.,* at April Term, 1918, of BEAU-FORT.

This is an action to recover damages for malicious prosecution, the charge against the plaintiff in the criminal prosecution being that he stole certain money, the property of the defendant in this action, or of the corporation of which the defendant was president.

At the conclusion of the evidence the defendant moved for judgment of nonsuit, on the ground that there was no evidence connecting him with the criminal prosecution.

The motion was overruled, and the defendant excepted.

On the issue of damages his Honor, among other things, instructed the jury as follows:

"I instruct you that if you find that the conduct of the defendant in respect to this arrest and prosecution was reckless, wanton and malicious, that it was without regard to the rights of the plaintiff, then, gentlemen, it is within your discretion to include in your answer to the fourth issue a sum of money which you may deem proper as smart money, or as punitive damages. You are not required by the law, notwithstanding what your finding as to the facts may be, to include any punitive damages, but the whole matter, as to whether or not you shall include punitive damages, is left to your discretion, to your sound judgment, provided you shall find that the conduct of the defendant was reckless, wanton and malicious."

The defendant excepted to this part of the charge upon the ground that there was no sufficient evidence to justify submitting the question of punitive damages to the jury.

The jury returned the following verdict:

1. Did the defendant cause the arrest and prosecution of the plaintiff, as alleged? Answer: "Yes."

2. If so, was the arrest without probable cause? Answer: "Yes."

3. If so, was the arrest and prosecution malicious? Answer: "Yes."

4. What amount, if any, is the plaintiff entitled to recover of the defendant?    Answer: "$300."

Judgment was entered upon the verdict in favor of the plaintiff, and the defendant appealed.

*Ward & Grimes for plaintiff.*
*John G. Tooly and Harry McMullan for defendant.*

ALLEN, J.   The evidence connecting the defendant with the criminal prosecution is ample.   The recorder, W. H. Hooker, testified: "I issued a warrant for Hezekiah Brown, charging him with taking some money of Mr. D. U. Martin.   Mr. Martin was the prosecutor in that warrant. Mr. Thompson was attorney for him"; and Mr. Thompson testified: "Mr. Martin told me to investigate the matter and see what was in it. I then went and talked to Mr. Brown and Mr. Bonner and Mr. Harton.   I asked Mr. Bonner to see his paper, and there was an affidavit and order of arrest by J. M. Messick.   The affidavit wasn't signed or sworn to, and was signed by J. M. Messick, justice of the peace.   I then went in my office and filled out a warrant and signed it myself and went before the recorder and swore to it, and then he issued an order of arrest, and I took it and gave it to Mr. Bonner.   All Mr. Martin told me to do was to investigate it.   He came up the next night and was present at the trial, and I put him on the stand and he testified. He paid me for my services in the matter."

The second question presents more difficulty, as the plaintiff testified that the relationship between him and the defendant had been friendly, but we cannot say there was no evidence to support the charge on punitive damages.

The rule is established in *Stanford v. Grocery Co.,* 143 N. C., 419, that legal malice, which must be present to support an action for malicious prosecution, may be inferred by the jury from the want of probable cause, and that it is sufficient as a basis for the recovery of compensatory damages, but that when punitive damages are claimed, the plaintiff must go further and offer evidence tending to prove that the wrongful act of instituting the prosecution "was done from actual malice in the sense of personal ill-will, or under circumstances of insult, rudeness or oppression, or in a manner which showed the reckless and wanton disregard of the plaintiff's right."

The evidence of the plaintiff tends to prove that he was about seventeen years of age at the time of the trial and not more than sixteen years of age when he was prosecuted before the recorder; that before the trial the defendant took him off by himself, charged him with stealing the money, and told him he would give him half the money if he would

confess and surrender the remainder, and the plaintiff says "he acted like he was going to kill me, and I had to tell him something."

This is some evidence, although, when all of the circumstances are considered, not very strong, tending to prove personal ill-will, and it also permits the inference that the defendant was not moved by considerations of the public interest in instituting the criminal prosecution, but that it was done for the purpose of extorting money from the plaintiff.

We therefore conclude that there was no error committed upon the trial of the action.

No error.