### HENRY TURNAGE v. WILLIAM AUSTIN.

(Filed 17 October, 1923.)

**1. Evidence—False Arrest—Malicious Prosecution—Instructions—Appeal and Error—Reversible Error.**

An instruction in an action of false arrest and malicious prosecution, that if the defendant in the civil action believed the plaintiff therein was the person guilty of the larceny, then they should also find that the defendant was not actuated by malice in causing the arrest, constitutes reversible error in the judge expressing his opinion, upon the evidence, as the existence of malice may exist, independent of probable cause, and upon the evidence the jury may find the one and not necessarily find the other.

**2. Same—Presumptions—Requests for Instruction.**

In an action of false arrest and malicious prosecution, plaintiff's exception to the judge's charge for failure to instruct the jury that their finding the absence of probable cause would be *prima facie* evidence of malice, requiring the defendant to satisfy the jury that the prosecution was not actuated by malice, is untenable, in the absence of a special request to that effect.

**3. Same—Termination of Criminal Action—Questions for Jury.**

In order to recover in an action of false arrest and malicious prosecution, the criminal action, the basis of the civil one, must have terminated, which is a question for the jury in cases of uncertainty or doubt.

APPEAL by plaintiff from *Grady, J.,* at March Term, 1923, of PITT.

This was an action for false arrest and malicious prosecution, in that the defendant maliciously and falsely charged the plaintiff with having stolen from the defendant's car the inner tube of his automobile and caused him to be falsely arrested and tried on said charge.

Upon the issues submitted, the jury found:

"1. Was the plaintiff unlawfully arrested, as alleged in the complaint? Answer: 'No.'

"2. If so, did the defendant procure said arrest to be made? Answer: 'No.'

"3. Did the defendant cause the plaintiff to be prosecuted for larceny in the mayor's court of Tarboro and in the Superior Court of Edgecombe County, as alleged in the complaint? Answer: 'Yes.'

"4. If so, was such prosecution without probable cause? Answer: 'Yes.'

"5. If so, was such prosecution malicious? Answer: 'No.'

"6. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '$400.'"

Upon which verdict the court adjudged that the plaintiff recover nothing and that the action be dismissed, from which judgment the plaintiff appealed.

*P. R. Hines and Albion Dunn for plaintiff.*
*F. G. James for defendant.*

CLARK, C. J. The plaintiff has assigned eighteen errors, but it is sufficient to pass upon two of the exceptions taken.

Exception 12. The court charged the jury as follows: "Gentlemen, if you find that at the time of the arrest, and at the time of the prosecution in the mayor's court, that the defendant believed that the plaintiff was the guilty man, then I charge you that you ought to find from that, and you can find from that circumstance, that the defendant was not actuated by malice, and if you do so find, it would be your duty to answer the fifth issue 'No.'" That is, that the prosecution was not malicious.

This instruction was erroneous, in that it instructed the jury what they "ought to find upon the evidence," and the jury did find in accordance with that instruction that the prosecution was not malicious.

Another exception is to the following portion of his Honor's charge: "I charge you, gentlemen, and this is really a repetition of what I have already told you, if you are satisfied from the evidence that the defendant was justified in instituting the criminal prosecution, or if you find from the whole evidence that the defendant had reasonable grounds for believing that the plaintiff had taken his tire and inner tube, and that his belief was based upon facts and circumstances which would induce a man of ordinary prudence and intelligence to have such belief, and that, acting upon such belief, he caused the plaintiff to be arrested and prosecuted, he could not have been said to have been actuated by malice, and it would be your duty to answer the fourth and fifth issues 'No.'" That is, that the prosecution was with probable cause and that it was not malicious.

The jury found that the plaintiff had been arrested and tried on a charge of larceny without probable cause, but that such prosecution was

not malicious. The plaintiff excepts because the court did not charge that "If the jury should find the prosecution was without probable cause, failure to prove probable cause would be *prima facie* evidence of malice, and that if such *prima facie* evidence of malice was established it was the duty of the defendant to go forward and satisfy the jury that the prosecution was not actuated by malice." It is true that if such prayer had been asked it would have been error not to have given it, but it was not error not to so charge when the case was fully given to the jury and there was no prayer to that effect.

It appears from the evidence that the original charge against the plaintiff was instituted before the mayor, who testified that he found probable cause. It appears that the case was tried in the Superior Court, and the clerk of the court testified to the original papers being on file in his office, and offered in evidence a "certified copy of the judgment of the Superior Court and the indictment." It must appear in an action of this kind that the original action, on account of which this is brought, had been terminated, and if this leaves anything in doubt it should be made to clearly appear on the next trial.

In an action of this kind it must appear both that the prosecution was malicious and that it was instituted without probable cause. Proof of only one of the essential features, in the absence of proof of the other, will avail the plaintiff nothing. However malicious the defendant may have been, he cannot be held liable if he had probable cause for preferring the criminal cause against Turnage; and however lacking in probable cause his original action may have been, he cannot be held liable in this action unless his proceeding against the plaintiff was actuated by malice. Both are essential requisites in an action for malicious prosecution. *Stanford v. Grocery Co.,* 143 N. C., 419.

The absence of probable cause is not the equivalent of malice, nor does it establish malice *per se,* though it is evidence from which malice may be inferred, and the existence of probable cause does not make the existence of malice. The presence or absence of malice in its final analysis is a question of fact to be determined by the jury, while probable cause is a mixed question of law and fact.

The instruction of the court, that if the defendant believed the plaintiff to be guilty at the time of the arrest, then they "ought to find" and could find from this circumstance that the defendant was not actuated by malice, was erroneous, not only, as above stated, because it contains an expression of opinion as to what the jury ought to find from the evidence, but because it is incorrect as a charge on the element of malice. *McGowan v. McGowan,* 122 N. C., 145.

There was error in the trial, as pointed out by the above assignment of error, for which the plaintiff is entitled to a

New trial.