STEWART WINKLER v. LENOIR AND BLOWING ROCK LINES,
INCORPORATED, ET AL.

(Filed 23 May, 1928.)

**Malicious Prosecution—Termination of Prosecution—Actions Held Terminated—Justices of the Peace.**

While an action for damages for malicious prosecution depends upon the final determination of the criminal action upon which civil action is based, the particular manner of the termination of the criminal action is not controlling so that the defendant therein is fully discharged; and when the justice of the peace continues it upon a request of the prosecuting witness, and more than thirty days has passed without a trial, in which the prosecutor has remained inactive, the criminal proceeding is terminated under rule 15, C. S., 1500, restricting a continuance of a case by a justice of the peace to thirty days.

APPEAL by plaintiff from *McElroy, J.,* at September Term, 1927, of WATAUGA. Reversed.

Action for malicious prosecution of plaintiff upon a warrant procured by defendants, charging him with a crime.

From judgment dismissing the action, upon defendants' motion, at the close of the evidence, plaintiff appealed to the Supreme Court.

*Trivette & Comer and Brown & Bingham for plaintiff.*
*F. A. Linney and W. C. Newland for defendants.*

CONNOR, J. Plaintiff was arrested by a deputy sheriff of Caldwell County, pursuant to a warrant issued by a justice of the peace of said county, on 10 July, 1926. The warrant was issued at the request and upon the complaint of the defendant, L. L. Pipes, secretary of his codefendant, Lenoir and Blowing Rock Lines, Inc. An employee of the latter defendant, at the direction of its secretary, accompanied the deputy sheriff, and aided him in making the arrest. The complaint upon which the warrant was issued charged that plaintiff on 10 July, 1926,

did unlawfully transport passengers into Lenoir, without license, and on the schedule of the Lenoir and Blowing Rock Lines, Inc., in violation of the statute.

Immediately following his arrest, plaintiff was taken by the deputy sheriff, who had arrested him, before the justice of the peace, who had issued the warrant, for trial. At the request of plaintiff, the trial was continued for one week. At the expiration of this week, and at the hour and place fixed by the justice of the peace, plaintiff appeared, and announced his readiness for trial upon the warrant. The prosecutor was not present; no witnesses had been subpoenaed for the prosecution, and none were present. The justice of the peace thereupon informed the plaintiff that he could go, and stated to him that he need not return for trial, unless he was further notified to do so. Defendant was not required to give bond, or to enter into his personal recognizance for his further appearance. No further notice was given to plaintiff to return for trial, nor was any further action taken by either of defendants with respect to the prosecution of plaintiff upon the warrant. No costs incurred by the issuance of the warrant have been paid, nor has any judgment been entered in the action, formally terminating the same. More than seven months elapsed from the date of the discharge of plaintiff by the justice of the peace to the date on which this action was commenced. During this time, neither of the defendants took any action toward the further prosecution of plaintiff upon the charge on which he was arrested and on which the warrant was issued, or with respect to the termination of the action.

This action to recover of the defendants damages for the malicious prosecution of plaintiff, on the warrant procured by them, and on which he was arrested, was begun on 12 February, 1927. At the close of the evidence offered by the plaintiff, upon motion of defendants, judgment was rendered, dismissing the action as upon nonsuit. C. S., 567. From this judgment plaintiff appealed to this Court, assigning as error the order of the court allowing defendants' motion for judgment as of nonsuit, to which he duly excepted.

The only question presented by this appeal, as appears from the briefs filed in this Court, is whether there was evidence tending to show that the prosecution of plaintiff on the warrant procured by defendants had terminated prior to the commencement of this action. This question both upon principle, and upon authoritative decisions of this Court, must be answered in the affirmative.

In *Brinkley v. Knight,* 163 N. C., 195, *Hoke, J.,* says: "It is the well established position that before an action for malicious prosecution can be instituted, it is necessary that the proceedings upon which it is based, should have been properly terminated. *Wilkinson v. Wilkinson,* 159

N. C., 266; *Stanford v. Grocery Co.,* 143 N. C., 419; *Welch v. Cheek,* 125 N. C., 353; *Hatch v. Cohen,* 84 N. C., 602; *Rice v. Ponder,* 29 N. C., 390; *Murray v. Lackey,* 6 N. C., 368." See, also, *Turnage v. Austin,* 186 N. C., 266; *Hadley v. Tinnin,* 170 N. C., 84; *Carpenter v. Hanes,* 167 N. C., 551, 38 C. J., 437.

Ordinarily, in order to maintain an action for malicious prosecution, the plaintiff therein must allege and prove that the prosecution upon which the action is founded, was terminated by a formal judgment, supported by a verdict or finding that plaintiff, as defendant therein, was not guilty as charged by the defendant, as prosecutor. The rule is stated in 38 Corpus Juris, 437, in section 85, as follows: "Subject to some exceptions, no action lies, nor can a cross-action be brought, or a counter-claim or recoupment be asserted, before the legal termination of the criminal prosecution or civil action which forms the basis of the action. . . . Further, subject to some exceptions, it is also necessary to the maintenance of the action that the proceedings complained of should have terminated in favor of the defendant therein. Until such original proceeding has been so finally ended, there is no remedy because there is no wrong, and questions concerning want of probable cause, and malice are immaterial."

In *Murray v. Lackey,* 6 N. C., 368, it was held that to support an action for malicious prosecution, in taking out a warrant against plaintiff on a charge of perjury, it is necessary for plaintiff to show a discharge. This was shown by evidence that plaintiff, having given his recognizance to appear at the succeeding term of the Superior Court, made his appearance, and was discharged by the solicitor for the State, who told him and the sureties on his recognizance that he might go home. In the opinion it is said that "a discharge means, where the proceedings are at an end, and cannot be revived. A party bound over to court has only to attend, and, according to our mode of practice, when the term expires stands discharged, unless rebound, or his default recorded." It was further held that it is immaterial whether or not a discharge *nunc pro tunc* is entered in the criminal action.

In *Rice v. Ponder,* 29 N. C., 390, plaintiff was arrested upon a warrant charging him with the crime of larceny in Yancey County. He was required to give bond for his appearance at the succeeding term of the county court of Yancey County to answer the charge. He made his appearance as required by his bond. No indictment was returned against him, and he was not required to give bond for his further appearance. An entry on the docket of the county court showed that the solicitor, on examining the witnesses, was of opinion that the charge could not be sustained, for that the testimony of the witnesses failed to show that the taking occurred in Yancey County. The trial court refused to instruct

the jury that plaintiff could not recover in the action for malicious prosecution because he had not shown that the prosecution had been finally determined. This Court held, upon defendant's appeal from a judgment in favor of plaintiff, that there was no error in the refusal of the trial court to instruct the jury, as requested by defendant, citing *Murray v. Lackey, supra,* as direct authority in support of such refusal. It is said in the opinion that plaintiff was not only not rebound, and thus stood discharged, according to that case, but it is clear from the memorandum of the State's attorney on the docket, that the proceeding was intended and considered to be at an end.

In *Hatch v. Cohen,* 84 N. C., 602, a *nolle prosequi* was entered in the criminal action in which plaintiff was indicted for burglary. This entry was made by the solicitor for the State, with the consent of the presiding judge, and at the express request of defendant. Plaintiff, the defendant in the criminal action, was thereupon discharged from custody. In the opinion written by *Ruffin, J.,* it is said: "All the authorities agree in saying that, in an action like the present one, the plaintiff must allege and prove a legal determination of the original action, but they differ as to whether the entry of *nolle prosequi* in a criminal prosecution is such a determination of it as will justify the bringing of the other action." Upon the authority of the decisions in *Murray v. Lackey,* and *Rice v. Ponder,* it is said: "From these two cases we learn that, although a plaintiff in an action for a malicious prosecution may not have been actually acquitted of the offense originally alleged against him, he may still maintain his action, provided he has been discharged, and allowed to go without day in the original action or if the order of the court has been such as to amount to a discharge." This decision is cited as an authority and expressly approved in *Marcus v. Bernstein,* 117 N. C., 32, in an opinion written by *Faircloth, C. J.,* who says: "The essential thing is that the prosecution on which the action for damages is based should have come to an end. How it came to an end is not important to the party injured, for whether it ended in a verdict in his favor, or was quashed, or a *nol. pros.* was entered, he has been disgraced, imprisoned, and put to expense, and the difference in the cases is one of degree, affecting the amount of the recovery."

In *Wilkinson v. Wilkinson,* 159 N. C., 265, the question was presented whether a *nol. pros.* with leave, entered in a criminal action, by the solicitor for the State, was such a termination of the action, as would support an action for malicious prosecution, based upon said criminal action. It was contended by the defendant that this was not a sufficient determination of the criminal action to authorize the bringing of the action for malicious prosecution. It was said in the opinion written by *Walker, J.,* that this contention was based upon a misapprehension of

the true reasons upon which *Hatch v. Cohen,* and *Marcus v. Bernstein,* cited in support of the contention, were decided. After discussing the distinction between a *nol. pros.* and a *nol. pros.* with leave, he says: "The suit is terminated as much by one form of entry as by the other, because in both the prisoner is discharged without day, and that seems to be the true test. In both he can be taken upon a fresh capias, in one by special order, and in the other under the general leave to issue. Our opinion is, therefore, against the defendant on this point."

In *Brinkley v. Knight,* 163 N. C., 195, the plaintiff, who had been arrested upon a criminal warrant, procured by the defendant, in January, 1911, was taken by the constable, who had arrested him, to the place fixed for the trial, at the hour set by the justice of the peace. At said date and place the parties were duly present with their witnesses. The justice of the peace, however, failed to appear. The constable, at the instance of counsel for plaintiff, made the announcement that "if any one desired to prosecute Brinkley, they must do so, or he would be released." The constable thereupon told Brinkley that he was released. The action for malicious prosecution was commenced on 7 February, 1911. It was held that in the absence of an order of the justice of the peace, terminating the criminal action, or of some unequivocal act of the prosecutor, or of lapse of time, it could not be considered that the criminal action had terminated prior to the commencement of the action for malicious prosecution.

Notwithstanding the absence of a formal order or judgment in the criminal action instituted by the issuance of the warrant upon which plaintiff was arrested, upon the authorities cited in this opinion, we must hold that there was evidence tending to show that said criminal action had terminated prior to the commencement of this action. The decision in *Brinkley v. Knight,* is not an authority to the contrary. The facts in that case are distinguishable from the facts in the instant case. There the discharge was ordered by the constable; here the plaintiff was discharged by the justice of the peace. In that case, the action for malicious prosecution was begun within less than thirty days after the discharge of the plaintiff; here more than seven months elapsed from the date of the discharge to the date on which the action was commenced. If it shall be contended in the instant case, that there was a continuance by the justice of the peace, with leave to summons the defendant to trial at a subsequent date, Rule 15 of the Rules of Practice, prescribed by statute—C. S., 1500—for the courts of justices of the peace, may be invoked in answer to such contention. Under this rule, no continuance by a justice of the peace of an action brought before him shall exceed thirty days.

There was error in allowing defendants' motion for judgment as of nonsuit, upon the ground that there was no evidence tending to show that the criminal prosecution had terminated prior to the commencement of the action for malicious prosecution. For this error the judgment must be

Reversed.