JOHN MITCHEM v. NATIONAL WEAVING COMPANY.

(Filed 25 November, 1936.)

1. **Malicious Prosecution A e—Want of probable cause does not raise presumption of malice, although jury may infer malice therefrom.**

Malice as an essential element of a right of action for malicious prosecution may be inferred by the jury from want of probable cause, but want of probable cause raises no presumption of malice, the matter being for the determination of the jury from the evidence, while malice sufficient to support a verdict for punitive damages must be shown by plaintiff by positive evidence beyond the inference of malice from want of probable cause, malice necessary to support the issue of punitive damages being actual ill will or a reckless and wanton disregard of plaintiff's right, and an instruction that the law presumed malice from want of probable cause entitles defendant to a new trial.

MITCHEM *v.* WEAVING CO.

**2. Malicious Prosecution A d—**

A *nolle prosequi* taken by the solicitor upon the finding by the grand jury of "not a true bill" after the committing magistrate had bound the defendant over, is a sufficient termination of the prosecution to support an action for malicious prosecution.

**3. Malicious Prosecution A c—**

The fact that the committing magistrate had bound defendant over is competent evidence on the question of probable cause in an action thereafter instituted by the defendant in the criminal action for malicious prosecution, but such fact is not conclusive. The distinction between instances where the magistrate has jurisdiction to try the defendant is pointed out.

**4. Malicious Prosecution A a—**

Plaintiff in an action for malicious prosecution must allege and prove malice, want of probable cause and termination of the proceeding upon which the action is based.

APPEAL by defendant from *Harding, J.,* at March Term, 1936, of GASTON.

Civil action for malicious prosecution.

On 3 September, 1935, a hearing was had before a justice of the peace on a warrant sworn out by an officer of the defendant company, charging the plaintiff with obtaining goods from the defendant under false pretense, and plaintiff was bound over to the Superior Court. Thereafter, the grand jury returned "not a true bill," and the solicitor took a *nolle prosequi.*

Plaintiff sues for malicious prosecution.

From verdict and judgment awarding both actual and punitive damages, the defendant appeals, assigning errors.

*J. L. Hamme* for *plaintiff, appellee.*
*Emery B. Denny* for *defendant, appellant.*

STACY, C. J. The following excerpt, taken from the charge, forms the basis of one of defendant's exceptive assignments of error:

"Now, under this issue, if you shall find that it was done without probable cause, the law implies that it was done with implied malice—a wrongful act done without legal justification."

This instruction is not supported by the decisions on the subject.

It is true that malice, in the sense the term is used in actions for malicious prosecution, may be inferred from want of probable cause, but it is not presumed from such fact alone. *Johnson v. Chambers,* 32 N. C., 287.

Speaking to the identical question, in *Bell v. Pearcy,* 27 N. C., 83, where a similar instruction was held to be erroneous, *Ruffin, C. J.,*

delivering the opinion of the Court, said: "We think there is error in the point excepted to by the defendant. . . . Hence, it has been properly said that malice may be inferred from the want of probable cause. *Sutton v. Johnston,* 1 Term, 493, 545. It is equally apparent that it is not necessarily to be inferred therefrom. On the contrary, it must in every case be properly an inquiry for the jury as to the actual fact, under explanations from the court. If it were not so, it should be said at once that the action lies for a prosecution without probable cause, for it is obviously idle to add that there must also be malice in the prosecutor, if the want of probable cause proves malice. The law draws no such presumption; for, though it often might be true, it would often be untrue in point of fact."

Again, in *Turnage v. Austin,* 186 N. C., 266, 119 S. E., 359, it was said: "The absence of probable cause is not the equivalent of malice, nor does it establish malice *per se,* though it is evidence from which malice may be inferred, and the existence of probable cause does not make the existence of malice. The presence or absence of malice in its final analysis is a question of fact to be determined by the jury, while probable cause is a mixed question of law and fact."

And in *McGowan v. McGowan,* 122 N. C., 145, 29 S. E., 97, it was held (as stated in headnote which accurately digests the opinion): "While, in some cases, malice may be inferred from the want of probable cause, the law makes no such presumption, and, in the trial of an action for malicious prosecution, it is for the jury and not the court to make such inference of fact."

The kind of malice required to support a verdict for actual as well as punitive damages in actions for malicious prosecution was the subject of extensive investigation in *Downing v. Stone,* 152 N. C., 525, 68 S. E., 9; *Stanford v. Grocery Co.,* 143 N. C., 419, 55 S. E., 815; *Motsinger v. Sink,* 168 N. C., 548, 84 S. E., 847; and *Humphries v. Edwards,* 164 N. C., 154, 80 S. E., 165. See, also, *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Merrell v. Dudley,* 139 N. C., 57, 51 S. E., 777; *Kelly v. Traction Co.,* 132 N. C., 369, 43 S. E., 923; 38 C. J., 478; 18 R. C. L., 28.

In *Brown v. Martin,* 176 N. C., 31, 96 S. E., 642, *Allen, J.,* delivering the opinion of the Court, said: "The rule is established in *Stanford v. Grocery Co.,* 143 N. C., 419, that legal malice, which must be present to support an action for malicious prosecution, may be inferred by the jury from the want of probable cause, and that it is sufficient as a basis for the recovery of compensatory damages, but that when punitive damages are claimed, the plaintiff must go further and offer evidence tending to prove that the wrongful act of instituting the prosecution 'was done from actual malice in the sense of personal ill will, or under cir-

cumstances of insult, rudeness, or oppression, or in a manner which showed the reckless and wanton disregard of the plaintiff's right.' "

The *nolle prosequi* taken by the solicitor was sufficient legal termination of the prosecution to support an action for malicious prosecution based thereon. *Abernethy v. Burns, ante,* 636; *Dickerson v. Refining Co., supra; Winkler v. Blowing Rock Lines,* 195 N. C., 673, 143 S. E., 213; *Stancill v. Underwood,* 188 N. C., 475, 124 S. E., 845; *Wilkinson v. Wilkinson,* 159 N. C., 265, 74 S. E., 740. The action of the committing magistrate in binding the defendant there, plaintiff here, over to the Superior Court for trial, was evidence of probable cause, sufficient to warrant the jury in finding its existence, but which neither compelled nor required such finding. *Stanford v. Grocery Co., supra; Jones v. R. R.,* 131 N. C., 133, 42 S. E., 559; *Griffin v. Sellers,* 19 N. C., 492; *Plummer v. Gheen,* 10 N. C., 66. The case is not like *Price v. Stanley,* 128 N. C., 38, 38 S. E., 33, where the justice of the peace had jurisdiction to determine the guilt or innocence of the accused. Perhaps the action of the grand jury in returning "not a true bill" neutralized that of the committing magistrate. *Miller v. Chicago, etc., R. Co.,* 41 Fed., 898; *Kelly v. Shoe Co.,* 190 N. C., 406, 130 S. E., 32. But, however this may be, the matter was for the twelve. The burden was on the plaintiff to show the concurrence of malice and want of probable cause. *Turnage v. Austin, supra; Overton v. Combs,* 182 N. C., 4, 108 S. E., 357; *Bowen v. Pollard,* 173 N. C., 129, 91 S. E., 711. In short, three things must be alleged and proved in an action for malicious prosecution: (1) Malice, (2) want of probable cause, and (3) termination of proceeding upon which the action is based. *Wingate v. Causey,* 196 N. C., 71, 144 S. E., 530; *Stancill v. Underwood, supra; Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577; *R. R. v. Hardware Co.,* 138 N. C., 174, 50 S. E., 571.

For error in the charge as indicated, the defendant is entitled to a new trial. It is so ordered.

New trial.