**W. B. WARNER, Plaintiff,**

v.

**GULF OIL CORPORATION, Defendant.**

**No. C–146–R–59.**

United States District Court
M. D. North Carolina,
Rockingham Division.

Nov. 20, 1959.

David H. Armstrong, Troy, N. C., for plaintiff.

Robinson, Jones & Hewson, Charlotte, N. C., for defendant.

HAYES, District Judge.

Plaintiff concedes that Gulf Oil Corporation proceeded under the North Caro-

lina Fair Trade Act, G.S. § 66–50 et seq., that the act has been declared constitutional by the Supreme Court of North Carolina in Lilly & Co. v. Saunders, 216 N.C. 163, 4 S.E.2d 528, 125 A.L.R. 1308; and that this case has not been overruled or the Act repealed (except plaintiff contends that the Act may have been repealed by implication in a later Act dealing with contracts in restraint of trade). It is further conceded by plaintiff that defendant did attempt to fair trade certain of its products, gave notice thereof to plaintiff and that plaintiff continued to sell under the fair trade minimum set by defendant.

It is assumed by plaintiff that the voluntary nonsuit of the former action by the defendant establishes want of probable cause or at least is prima facie evidence of probable cause, relying on Brown v. Liquidators, 152 Or. 215, 52 P. 2d 187.

■ On the motion here to dismiss, it is assumed that all facts properly pleaded are deemed admitted. Montgomery's Manual of Federal Jurisdiction and Procedure, Par. 325.

The whole basis for lack of probable cause is based on the complaint with the exhibits attached thereto, the temporary restraining order and the judgment of nonsuit in the original case of Gulf Oil Co. v. W. B. Warner, all of which are attached to the complaint in the present action. The effect of these documents is a question of law.

■ When the facts are not in dispute and only one inference can be drawn, it is for the Court, not the jury, to determine the existence of probable cause.

■ In civil actions it is the duty of the Court to declare probable cause exists when the uncontradicted evidence shows that the prosecutor in good faith believed that he had a right to institute such proceeding as would excite the belief in a reasonable mind that the person against whom the proceeding was prosecuted had been guilty of such conduct as warranted invoking against him the remedy sought.

■ Applying that test to the pleadings in the original case, there can be no doubt that the plaintiff stated a cause of action nor that he was entitled to injunctive relief. Judge Clarkson, an able Superior Court Judge, on the basis of that complaint and exhibits, duly verified, granted the temporary restraining order. The pleadings there disclose that they were prepared by the law firm of Robinson, Jones and Hewson of Charlotte, North Carolina. This Court assumes that the plaintiff cannot, and would not, question the high professional standing of that firm. The advice of able lawyers on the existence of probable cause is a decisive factor.

■ Being convinced that the law of this Circuit remains as is so cogently stated by Judge Parker in National Surety Co. v. Page, 4 Cir., 58 F.2d 145, and that it requires the dismissal of the complaint, it is unnecessary to cite other authorities. The case establishes the following principles to sustain the existence of probable cause:

1. When the prosecutor, in good faith, believed that he had a right to institute such proceeding.

2. The advice of counsel upon a full disclosure of the facts and action upon such advice in instituting the proceeding. Such advice is conclusive on the question of probable cause.

This accords with the law of North Carolina as stated by Chief Justice Clark in Turnage v. Austin, 186 N.C. 266, 119 S.E. 359, 360:

"In an action of this kind it must appear both that the prosecution was malicious, and that it was instituted without probable cause. Proof of only one of the essential features, in the absence of proof of the other, will avail the plaintiff nothing. However malicious the defendant may have been he cannot be held liable if he had probable cause for

preferring the criminal cause against Turnage; and however lacking in probable cause his original action may have been, he cannot be held liable in this action, unless his proceeding against the plaintiff was actuated by malice. Both are essential requisites in an action for malicious prosecution."

Stanford v. A. F. Messick Grocery Co., 143 N.C. 419, 55 S.E. 815; Carson v. Doggett, 231 N.C. 629, 58 S.E.2d 609; Restatement, Torts, Section 662 and Section 666. American Jur. Malicious Prosecution, Section 71.

It is true that in North Carolina advice of counsel does not establish probable cause as a matter of law, Bryant v. Murray, 239 N.C. 18, 79 S.E.2d 243, but is evidence to be considered by the jury; analogous to the state practice which requires submission of issues to the jury if there is a mere scintilla of evidence to support plaintiff's cause. However, these rulings on practice in the state courts are not binding on the federal courts. In the state practice the trial judge is not permitted to comment on the evidence, G.S. § 1-180, but the federal judge is not required to observe these restrictions. In this dilemma, the trial judge must follow the federal law; hence National Surety Co. v. Page, supra, applies.

The nonsuit in the former action is sufficient to show the termination of that case in Warner's favor. However, it does not establish want of probable cause as is now contended by the plaintiff. The recitals of the judgment conclusively establish that the nonsuit of the action and dissolution of the restraining order were predicated upon Warner's ceasing to be agent of Gulf and his desisting from committing the acts which the suit was brought to prevent and the order restraining those acts. The judgment of nonsuit, instead of showing the action was groundless, shows a cessation by Warner of the acts which made the original case necessary. Mann v. Becker, 90 Wash. 534, 156 P. 396.

This action will be dismissed, but without prejudice to the right of plaintiff to proceed on the bond in the original cause under the North Carolina Statutes G.S. § 1-497; Shute v. Shute, 180 N.C. 386, 104 S.E. 764.