The evidence was that a few days before the plaintiff left the county he met with the defendant, to whom he was indebted, and told him that he was going to Montgomery County to endeavor to raise money to pay his debts; that he would return in July, and asked defendant what he would do with him; to which defendant replied that he would wait as long as any of the other creditors of plaintiff. The plaintiff left his family at their usual place of abode, and his brother, who lived with him, for the purpose of making a crop. Plaintiff spoke publicly of his design to go to Montgomery, and the purpose of his going, and left his home on the last Tuesday of March; he had appointed that day to meet and pay one of his creditors at Morganton, where the court was then sitting; he did not meet, and instead of pursuing the direct road to Montgomery, which led through Morganton, he turned off 2 miles above and went out of his way. Defendant came to court and heard of this circumstance, and was also informed by one Higgins that he, Higgins, had a conveyance for all plaintiff's lands, and that it was the opinion of some plaintiff would never return; defendant was also informed that the plaintiff had declared he would pay him last, if he did at all. There was diversity of opinion in the neighborhood whether plaintiff would return. Defendant's claim was due on 10 April, after *Page 292 
the plaintiff had gone, and on 11 April he sued out the writ of (546) attachment, went to the plaintiff's house with the officer and levied it on a mare which was claimed by plaintiff's brother, offering to wait provided his debt was secured.
Plaintiff returned in June. Defendant's counsel moved the court to instruct the jury that if they believed that the defendant sued out the attachment honestly, and that he had reasonable grounds to do so, plaintiff ought not to recover.
The court, Paxton, J., charged the jury that the suit by attachment was a particular remedy pointed out by statute; defendant was bound to know what the statute required and to see that he acted within its provisions, otherwise he acted illegally and was liable to the plaintiff in this action. Verdict for plaintiff; new trial refused; judgment, and appeal.
I cannot distinguish this case from an action for maliciously holding a party to bail, or suing out a writ when nothing is due, in which case the gist of the action is malice and the want of a probable cause; for, although the plaintiff in the first action should fail to recover, yet, unless it was brought with a view to oppress the defendant, and a knowledge that he had no sufficient cause of action, it will not give the original party a right to sue. The complaint here is that the plaintiff was not subject to the attachment law, not having recently removed; but there is no pretense that he was not justly indebted to the defendant, and if the latter had reason to apprehend the loss of his debt, and believed that the plaintiff had so removed as to subject his property to attachment, he cannot be made liable in this action. It was for the jury to consider, under all the circumstances of the case, whether the defendant's conduct was influenced by vexatious motives. The plaintiff, instead of meeting a creditor according to appointment. went out of his way to pursue his journey, a circumstance which (547) became known to the defendant soon after it occurred. He learned, also, that he had conveyed all his lands to one of his creditors, and that he had determined to pay him last, if he paid him at all. When to this is added the difference of opinion that prevailed in the neighborhood relative to the probability of his return, it might have been thought by the jury that the circumstances were strong enough to overpower the presumption of fairness arising from the plaintiff's assertion as to his intention, and the apparent publicity of his removal. They were at least worthy of consideration, and whatever just inference arose from them should have determined this controversy. It is not for irregularly suing out an attachment that this action will lie, but for suing it out for the purpose of oppression and wrong. There should be a new trial. *Page 293