RAILROAD CO. v. HARDWARE CO.

(Filed April 18, 1905.)

*Malicious Prosecution—Abuse of Legal Process—Difference Between—Pleadings—Probable Cause—Malice—Damages.*

1. A malicious prosecution is one in which the motive in suing out the process is a wrongful and malicious one; and an action for abuse of legal process is where the process has been put to a wrongful, illegal and unjustifiable purpose; neither action can be maintained unless there is an actual seizure of the property of the plaintiff or an arrest of his person.

2. In an action for damages for a malicious prosecution it is necessary to allege and prove malice, a want of probable cause, and the prosecution has terminated.

RAILROAD CO. *v.* HARDWARE CO.

3. In an action for damages for abuse of legal process it is necessary
   to allege and prove a want of probable cause, but not necessary
   to allege or prove malice or that the proceeding has terminated
   in order to recover actual damages.

4. Where the facts set forth in the complaint are such that, if true,
   the law will infer both malice and a want of probable cause
   from them they are tantamount to specific allegations of malice
   and want of probable cause.

5. In an action for damages for illegal seizure of property, proof
   that the defendant knew at the time it caused the attachment
   to issue that the plaintiff did not owe it anything is equiva-
   lent to proof of want of probable cause and would entitle the
   plaintiff to recover actual damages.

6. If the plaintiff should go further and prove that the attachment
   was sued out wantonly, recklessly and wilfully for the purpose
   of coercing the plaintiff to pay money it did not owe, that
   would be equivalent to proof of malice and the jury might award
   punitive damages.

ACTION by Pittsburg, Johnstown, Edensburg and Eastern
Railroad Company against Wakefield Hardware Company.
heard by *Judge Henry R. Bryan,* at the September Term,
1904, of the Superior Court of GUILFORD County. This is
an action to recover damages for illegal seizure of plaintiff's
cars. The defendant demurred to the complaint, the de-
murrer was overruled, and the defendant appealed.

*L. M. Scott* and *J. T. Morehead,* for the plaintiff.
*Scales, Taylor & Scales,* for the defendant.

BROWN. J. When this case was before this Court at
Spring Term, 1904, it was decided that there was a misjoin-
der of causes of action. 135 N. C., 73. The plaintiff is
now proceeding against the defendant company not upon at-
tachment bond, but under the principles of the common law
to recover damages for such alleged unlawful seizure. The
defendant demurs to the new complaint, filed as a conse-

quence of the former decision of the Court, upon the follow-ing grounds; 1st.  The complaint does not allege the insti-tution of the suit or proceedings by the defendant against the plaintiff without probable cause.  2nd. It does not al-lege malice in the institution of the said suit or proceeding. 3rd. It does not allege the complete termination of said suit or proceeding.

We concur with the court below in over-ruling the de-murrer.  It is not necessary to consider whether this action is one for damages for malicious prosecution.  If the facts in the complaint constitute a cause of action upon the proof of which to the satisfaction of a jury damages are allowable, then the complaint is sufficient.  In this view it is immater-ial whether it is classified as an action for malicious prose-cution or an action for abuse of legal process.  It seems to us, however, that it more properly belongs under the latter classification.  In some States the cause of action set out in the complaint is called an action for malicious attachment.

*Lovier v. Gilpin,* 6 Dana, (Ky.) 321.  *Smith v. Story,* 4 Humphrey, (Tenn.) 159; and cases collected in Wait's Ac-tions and Defences, Vol. ·1, page 248.

A malicious prosecution is said to be one in which the motive in suing out the process is a wrongful and malicious one; and an action for abuse of legal process is where the pro-cess has been put to a wrongful, illegal and unjustifiable purpose.  Neither action can be maintained unless there is an actual seizure of the property of the plaintiff or an arrest of his person.  A malicious prosecution has been defined as a "prosecution of some charge which is wilful, wanton or reckless, or against the prosecutor's sense of duty and right, or for ends he knows or is bound to know are wrong and against the dictates of public policy."  19 A. & E. Encyc. (2nd Ed.) 650.

In the case of *Grainger v. Hill,* 33 E. C. L., 333, *Chief Justice Tindal* notes the distinction which he says exists be-

tween an action for malicious prosecution or arrest and one for abusing the process of the law. He says: "This is an action for abusing the process of the law by applying it to extort property or money from the plaintiff, and not an action for a malicious prosecution, in order to support which latter action the termination of the previous proceeding must be proved and the absence of reasonable and probable cause be alleged as well as proved." That eminent Judge again says: "His complaint being that the process of law has been abused to effect an object not within the scope of the process, it is immaterial whether the suit which that process commenced has been determined or not, or whether or not it was founded on reasonable and probable cause."

So the distinction seems to be well taken that in an action for wrongful and unlawful abuse of process of the court it is not necessary to allege the termination of the proceeding. To the same effect is *Prough v. Entricken,* 11 Pa. St., 81.

In *Sneeden v. Harris,* 109 N. C., 354, it is held that in an action for malicious abuse of process it is not necessary to allege the termination of the proceeding.

The case of *Kirkhan v. Coe,* 46 N. C., 423, was an action on the case for wrongfully suing out an attachment. In that case *Judge Pearson* says that "the action may be maintained by showing a want of probable cause without alleging or proving that the defendant was actuated by malice." The learned Chief Justice does not say that that character of action can be maintained only and solely by showing a want of probable cause. He says: "To maintain an action like the present it is sufficient to show a want of probable cause. To maintain an action of slander it is sufficient to show malice. To maintain an action for malicious prosecution both a want of probable cause and malice must be shown." Again, he says: "When one in the assertion of a civil right resorts to an extraordinary process without probable cause

and thereby injures his neighbor, there is no ground of public policy upon which to excuse him."

In *Williams v. Hunter,* 10 N. C., 545, *Taylor, C. J.,* states in substance that if the action is brought to oppress the defendant and with knowledge at the time he sued out the process that the plaintiff had no cause of action, it would give the injured party a right to sue.

The defendant further contends that the plaintiff must allege and prove malice in order to recover in this action. We do not think that malice is a necessary ingredient in an action for damages for unlawfully attaching the plaintiff's property. In *Kirkhan v. Coe, supra, Judge Pearson* says: "It is a matter between private citizens and if the wrongful act of one causes loss to another there is no reason why compensation should not be made. Whether in such a case proof of malice would entitle the party not only to compensation, but to vindictive damages, is a question not now before us. It is sufficient to say, malice need not be proven in order to support the action, for the damage is the same to the plaintiff, and the 'gist' of action is that the defendant had injured him, caused him to sustain damages wrongfully, by suing out the process without probable cause."

We will not undertake to reconcile the difference in the language used by *Chief Justice Tindal* and *Chief Justice Pearson* in regard to probable cause. We will, of course, follow the decision of our own Court and hold that in an action for damages for a malicious prosecution it is necessary to allege and prove malice, a want of probable cause, and that the prosecution has terminated. In an action for damages for abuse of legal process it is necessary to allege and prove a want of probable cause, but not necessary to allege or prove malice or that the proceeding has terminated, in order to recover actual damages. Where punitive damages are claimed, in such latter action, it seems to be necessary to allege and prove malice or facts from which the law will

infer malice. In the case before us, the facts set forth in the complaint are such, that, if true, the law will infer both malice and a want of probable cause from them, and they are tantamount to specific allegations of malice and want of probable cause.

It appears from the complaint that the defendant held a debt against the N. C. Coal & Coke Company for $416.00, and that in order to collect the said debt the defendant, the Wakefield Hardware Company, instituted an action to recover it from the Coal & Coke Company and from this plaintiff, the defendant well knowing that the plaintiff did not owe it a penny. The plaintiff further alleges that, in order to extort this money from the plaintiff, the defendant caused a warrant of attachment to be issued in the said proceeding and caused the plaintiff's cars to be seized and held until the —— day of April, 1903, thus depriving the plaintiff of the use of its cars for more than two years. The plaintiff further says that at the April Term, 1903, of Guilford Superior Court a judgment of nonsuit was entered in said action as to this plaintiff, and the defendant, the Wakefield Hardware Company, obtained judgment for the amount of its debt against the N. C. Coal & Coke Company. The complaint alleges that said seizure of the plaintiff's cars was wanton, wilful, reckless, uncalled for, and was made for the purpose of coercing the plaintiff to pay this money which it did not owe, the defendant believing and hoping that this plaintiff, to avoid the expense of a law suit and the loss of the use of its cars, which were worth ten times the amount of the debt claimed, would pay the debt owing by the Coal & Coke Company. These allegations, as we have said, are tantamount to allegations both of malice and want of probable cause. There is no special virtue in that particular form of expression. The idea is clearly embodied in the language employed in the complaint, that the defendant in suing out his attachment and levying upon the plaintiff's prop-

erty knew he had no ground for his action and that it was an unjustifiable and indefensible suit to extort money. The words used necessarily imply malice, which, in legal proceedings, does not necessarily mean personal ill will or spite. It means a wrongful act done intentionally without just cause or excuse. This is the famous definition given by *Bailey, J.,* in *Bromage v. Prosser,* 10 E. C. L., 321, which has been quoted in hundreds of cases, both criminal and civil.

We hold that, if the plaintiff should prove that the defendant, knowing that the plaintiff was not indebted to it at all sued out an attachment and levied it upon the plaintiff's cars, the plaintiff would be entitled to recover such actual damages as it has sustained. The allegation and proof sustaining it, that the defendant at the time it caused the attachment to issue knew that the plaintiff did not owe it anything is equivalent to an allegation and proof of want of probable cause and such proof would entitle plaintiff to recover actual damages. If the plaintiff should go further and satisfy the jury that the attachment was sued out by the defendant wantonly, recklessly and willfully, for the purpose of coercing the plaintiff to pay money it did not owe, that would be equivalent to proof of malice, for the law would infer malice from such facts, and the plaintiff would thereby lay the foundation to recover punitive damages, if the jury should find that the attachment was maliciously sued out, and should see fit to award them,

The judgment is
Affirmed.

WALKER, J., concurring: When this case was before us at a former term, the only question presented was whether there had been a misjoinder of parties and of causes of action, and we decided that there had been. It was not necessary in that appeal to determine the precise nature of the cause of action for the tort alleged in the complaint. By

way of illustration in the discussion of the question of mis-joinder, we treated it as a cause of action for malicious pros-ecution as it may be so regarded under the decisions of this court. *Ely v. Davis,* 111 N. C., 24, and cases cited; *Terry v. Davis,* 114 N. C., 31. Our purpose then was to show merely that it was a tort at common law as distinguished from an action upon the bond it not being material to inquire whether it was a cause of action for malicious prosecution or for the malicious abuse of process or for malicious attach-ment. It would seem that the allegations, as now made, are sufficient, and even as then made were sufficient, as the state-ment of a cause of action for any one of the said wrongs.

CONNOR J. concurs in the concurring opinion.