# Wytheville.

## McCRorey v. Garrett.

### June 10, 1909.

#### Absent, Cardwell, J.

1. Nuisance—*Obstructing City Street—Overhanging Awning.*—The unauthorized obstruction of a city street by anything upon, above or below the surface is a nuisance, and, unless justified by legislative authority, the owner of an awning erected and maintained over a public street, becomes, as to persons lawfully using the street, an insurer. He maintains the same at his own peril, and anyone receiving an injury from such awning, being himself free from blame, has a good cause of action against the owner thereof, regardless of the question of his negligence in the construction and maintenance of such awning.

2. Evidence—*Sickness of Witness—Proof of Testimony at a Former Trial.*—A party who knows when his case is called that a witness is sick and cannot attend, but goes into trial without moving for a continuance on that account, or mentioning the fact, is not entitled to have read to the jury the stenographer's report of the testimony of the witness given on a former trial of the case.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*M. R. Peterson* and *Thos. H. Wilcox,* for the plaintiff in error.

*Starke, Venable & Starke,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by A. E. Garrett to recover of J. G. McCrorey damages for injuries sustained by him from the falling of an awning which was maintained by the defendant over the pavement in front of his store on Main street in the city of Norfolk.

The record shows that the defendant was the lessee of a storehouse situated on the north side of Main street, in the city of Norfolk, in which he conducted a mercantile business. On the front of said store he had erected an adjustable awning, called "Coyle's frame," fifty feet in length, and weighing two hundred and fifty pounds. The flaps of the awning were elevated above the street seven feet, and the awning when lowered projected from the building over the sidewalk about five feet. On the day of the accident a high wind was blowing, and as the plaintiff was walking along the north side of Main street, the awning fell and struck him, causing the injuries complained of.

The trial resulted in a verdict and judgment for $2,000, which we are asked to review.

The first assignment of error is that the lower court improperly overruled the defendant's demurrer to the first count of the declaration. The second assignment of error is that the court refused to grant for the defendant an instruction which is set out in bill of exceptions No. 3. The third ground of objection is to the action of the court in giving for the plaintiff an instruction which is set out in bill of exceptions No. 4.

These three assignments of error involve but one question, and they will, therefore, be considered together. The question presented by each is whether or not a person maintaining a movable awning in front of his place of business in a city, owes the duty of safety to the public using the street, and is liable to a person who, without fault on his part, is injured by its fall, regardless of the care or skill observed in its construction

and maintenance. In other words, that the test of liability is not the lack of proper care on the part of the owner of the awning, but the fact of resulting injury, through no fault of his, to the party using the street.

It is well settled that public highways, whether they be in the country or in the city, belong, not partially but entirely, to the public at large, and that the supreme control over them is in the legislature. It is also an established general rule that any unauthorized obstruction which unnecessarily impedes or incommodes the lawful use of a highway is a nuisance at common law. *City of Richmond* v. *Smith,* 101 Va. 161, 43 S. E. 345.

So far as the right of the public to travel unmolested over the highway is concerned, the dominion of the people is absolute, and is not confined to obstructions on the surface of the street, but extends with equal emphasis to encroachments upon the public right either below or above the surface. Indeed, an obstruction above the street that may injure the traveler is more dangerous than one on the ground, because the latter is more readily seen and avoided.

In Wood on Nuisances (3rd ed.), Vol. I, sec. 275, the principle governing cases of this nature is stated as follows: "As has been previously stated, every person in traveling upon a public street has a right to absolute safety, while in the exercise of ordinary care, against all accidents arising from obstructions of or imperfections in the street, and this applies as well to what is in the street as to what is over it." Further this author says: "It would seem that all sign boards, cornices, blinds, awnings and other things projecting over a walk, or so situated with reference thereto that if they fall they may do injury to travelers, are nuisances unless so secured as to be absolutely safe, and the person maintaining them is liable for all injuries arising therefrom, except such as are attributable to inevitable accident."

In Elliott on Roads and Streets, sec. 647, it is said: "It is

not necessary, in order to constitute a nuisance, that there should be an actual physical obstruction to the public use upon the surface of the highway, for its use may be rendered as dangerous by objects above the way as by obstructions upon the surface." And at section 613 it is said: "So, too, they are liable for negligently suffering awnings or structures to project over sidewalks and thus cause injury to those rightfully using the street." See also Dillon on Municipal Corporations, Vol. II, sec. 1033. The doctrine announced by these authors is supported by reason and authority. *Tarry* v. *Ashton,* 1 Q. B. Div. 314; *Salisburg* v. *Herchenroder,* 106 Mass. 458, 8 Am. Rep. 354; *Congreve* v. *Smith,* 18 N. Y. 79; *Clifford* v. *Dam,* 81 N. Y. 52; *Hanlon* v. *Carter Oil Co.,* 54 W. Va. 510, 46 S. E. 565, 66 L. R. A. 893; *Bohen* v. *City of Wareca,* 32 Minn. 136, 19 N. W. 730, 50 Am. Rep. 564; *McHarge* v. *Newcomer,* 117 Tenn. 595, 100 S. W. 700, 9 L. R. A. (N. S.) 298.

In *Congreve* v. *Smith, supra,* it is said: "The general doctrine is that the public are entitled to the street or highway in the condition in which they placed it; and whoever, without special authority, materially obstructs it, or renders its use hazardous, by doing anything upon, above or below the surface, is guilty of a nuisance; and, as in all other cases of public nuisances, individuals sustaining special damage from it, without any want of due care to avoid injury, have a remedy by action against the author or person continuing the nuisance. No question of negligence can arise, the act being wrongful."

In the case of *Clifford* v. *Dam, supra,* it is said: "The public are entitled to an unobstructed passage upon the streets, including the sidewalks of the city." And in speaking of the obstruction in that case, the court said: "It was not necessary to prove negligence. The action was not based upon negligence, but on a wrongful act for which the defendants were responsible."

These authorities, and others that might be cited, lead to

the conclusion that, unless justified by legislative authority, the owner of an awning erected and maintained over a public street, becomes as to persons lawfully using the street an insurer. He maintains the same at his own peril, and anyone receiving an injury from such awning, being himself free from blame, has a good cause of action against the owner thereof, regardless of the question of his negligence in the construction and maintenance of such awning.

We are, therefore, of opinion that the three assignments of error under consideration are not well taken.

The only remaining objection that we need notice is that taken to the action of the court in refusing to permit the defendant to introduce the stenographic report of the testimony of Dr. S. E. Brown, taken at the first trial of the case; the ground for the introduction of the stenographer's notes being that Dr. Brown was ill and unable to attend.

This court has held, in a recent case, that where a witness has died between two trials, who was cross-examined by the attorney for the Commonwealth at the first trial, his testimony at the first trial may be proved on the second; but this case recognizes that different principles apply where the witness who testified at the former trial is living. *Parks* v. *Commonwealth, post,* p. 807, 63 S. E. 462, 2 Va. App. 903.

In the case at bar, the record shows that the absent witness was confined to a hospital in the city of Norfolk with an attack of typhoid fever. The defendant knew when the case was called for trial that this witness was absent and could not be present at that trial, but nothing was said until the trial was in progress, when the offer was made to introduce the stenographer's notes of this witness' testimony taken at a former trial. If the evidence of this witness was material, the defendant should, when the case was called, have moved for a continuance in order that he might secure the presence of the witness at some subsequent time, and not have waited until the trial was in progress to substitute for the living witness the stenographer's

notes of his evidence at a former trial.    This is not permissible under our practice.    See *Wise Terminal Co.* v. *McCormick,* 107 Va. 376, 58 S. E. 584, 1 Va. App. 442.

We find no error in the judgment complained of, and it must be affirmed.

*Affirmed.*