W. H. FRANCK v. WALKER D. HINES, Director General, et al.

(Filed 26 October, 1921.)

**1. Railroads—Director General of Railroads—Government Control—Negligence—Evidence—Questions for Jury—Trials.**

Where there is evidence that the plaintiff was a passenger on defendant railroad company's "shuttle train" for carrying employees to and from work, that the coaches were frequently overcrowded, and that plaintiff, in consequence, was struck by a "switch target," placed six and one-half feet from the center of the track, as he was standing on the car step holding to the grab irons, and to the contrary, that his injury was caused by his attempting to board the moving train under the circumstances: *Held*, sufficient for the determination of the jury upon the issues of negligence, contributory negligence, and damages. *Gilliam v. R. R.*, 179 N. C., 508, cited and distinguished.

**2. Evidence—Nonsuit—Trials—Questions for Jury.**

A motion to nonsuit upon the evidence will be denied when it is sufficient to sustain the plaintiff's action, though his witnesses may have given contradictory testimony at the trial.

**3. Railroads— Director General— Parties— Government Control— Joint Judgment—Dismissal—Appeal and Error.**

In this action against a railroad company and the Director General of Railroads, under Government control, to recover for a personal injury to an employee alleged to have been negligently inflicted, the case is dismissed, on appeal, against the railroad and continued as to the Director General, under the authority of *Kimbrough v. R. R.* and *Wyatt v. R. R.*, at this term.

Appeal by defendant from *Daniels, J.,* at May Term, 1921, of Cumberland.

Civil action to recover damages for an alleged negligent injury to plaintiff while a passenger on defendants' "shuttle train," which was a mixed train composed of an engine and several cars and used in carrying workmen from the city of Fayetteville, N. C., to Camp Bragg and back, a distance of several miles.

There was evidence tending to show that 9 May, 1919, the plaintiff boarded the train in the city of Fayetteville while it was down near the water tank, some distance from the Norfolk Southern station; that the coaches and platforms were at that time crowded with passengers, and that the plaintiff was standing on the step of the car, holding to the grab irons, when he was struck by a switch target as the train started with a sudden jerk. It was permissible for passengers to get on the train at the coal chute, the ice plant, the water tank, and they "would stop first at one place and then another," and wherever they stopped

"people would crowd on the cars." There was also evidence tending to show that the switch target was only six and one-half feet from the center of the track.

On the other hand, there was evidence, elicited on cross-examination, tending to show that plaintiff undertook to get on the train while it was in motion, and was struck by the switch stand in his effort to board the moving cars.

Upon the issues of negligence, contributory negligence and damages being answered in favor of the plaintiff, and from a judgment rendered thereon the defendants appealed.

*Averitt & Blackwell and Bullard & Stringfield for plaintiff.*
*Rose & Rose for defendants.*

STACY, J. Defendants rely chiefly upon their motion for judgment as of nonsuit, and they contend that the case at bar falls squarely under the decision of this Court in *Gilliam v. R. R.,* 179 N. C., 508, where we had occasion to consider another accident which occurred on this same "shuttle train." But we think the present facts are somewhat different and sufficient to sustain the verdict of the jury. It is true the plaintiff's own witnesses apparently contradicted each other in their testimony, but this would not warrant the Court in granting the defendants' motion for nonsuit. Where the evidence is conflicting, with respect to a material matter, it must be submitted to the jury. *Shell v. Roseman,* 155 N. C., 90; *Ward v. Mfg. Co.,* 123 N. C., 252.

This action was instituted against Walker D. Hines, Director General, and the Atlantic Coast Line Railroad Company. The judgment is against both of the defendants. Since this case was tried, the United States Supreme Court, in *R. R. v. Ault* (opinion filed 1 July, 1921), has held that in such actions arising under Federal control, the same may not be maintained against the railroad company. Hence, the judgment against the Atlantic Coast Line Railroad Company will be reversed and the action dismissed as to said company. The plaintiff consenting to this modification, the judgment against the Director General will be upheld under authority of *Kimbrough v. R. R., ante,* 234, where the reasons for this position are fully stated in an opinion by *Clark, C. J.,* and, therefore, we will not repeat them here. See, also, *Wyne v. R. R., post,* 253.

The trial and judgment on the verdict against the Director General are
Modified and affirmed.