JOHN EVANS AND WIFE, LAURA EVANS, v. W. S. COWAN.

(Filed 28 September, 1927.)

**Evidence—Questions for Jury—Contradictory Testimony of One Witness —Deeds and Conveyances — Equity — Reformation of Instruments— Fraud or Mistake.**

> Where a timber deed is sought to be corrected for including erroneously other than cypress timber which alone was intended to have been conveyed, the testimony of one witness upon the question involved, though contradictory thereon, raises a question for the determination of the jury upon the issue of fraud or mistake.

CIVIL ACTION before *Moore, Special Judge,* at May Term, 1927, of BERTIE.

This was an action instituted by the plaintiffs against the defendant for the correction of a timber deed, executed by plaintiffs and delivered to the defendant.

It was alleged in the complaint that the contract between the parties was to the effect that the plaintiffs would sell to the defendant only the

merchantable cypress timber growing and standing on or about four acres of land in the mill pond. Thereafter the defendant had a deed prepared, which included "all the timber of every kind and size in swamp at high water mark," upon a tract of land containing about 200 acres. John Evans died pending the suit, but he and his wife, Laura Evans, held title to the land upon which the timber stands by entireties.

The plaintiffs further alleged "that said deed and contract had not been drawn in accordance with the bargain had with W. S. Cowan (the defendant), and that they had been tricked and deceived into signing said paper-writing, and that it did not contain their contract."

The evidence tended to show that the bargain was made by the plaintiffs with one Winbrow, agent of defendant.

Plaintiff testified: "*After we had our bargain with Winbrow,* he came back there and read the contract. Mr. Taylor, Mr. Winbrow and Mr. Cowan came. I don't know who wrote the paper. I don't know what Winbrow said the first time about having the timber paper written. When they came back they had a paper and Mr. Taylor read it. There was nothing in the paper but cypress—that is all they read to me. . . . Taylor read the contract. Winbrow was there. He was the one that came and made the bargain. . . . I can't read and write. I signed the deed. I can write my name. I signed the name to the complaint. . . . Mr. Taylor told me that the deed only contained cypress. Yes, Cowan and Winbrow were there. He told me it contained nothing but cypress and I signed it. . . . Cowan was at my house at the time the deed was signed. I tell the jury that he was there when it was read." Taylor was the justice of the peace who took the acknowledgment of plaintiffs.

Plaintiff further testified: "I didn't say that Winbrow came to me and talked to me about buying the timber. I had no conversation with him. My husband did. I didn't hear it. Winbrow said nothing to me. He came to see my husband. My husband told me he was going to sell."

From judgment for plaintiff, assessing damages at $50, the defendant appealed.

*Bridger & Ely and Winston, Matthews & Kenney for plaintiffs.*
*Craig & Pritchett for defendant.*

BROGDEN, J. The merit of this appeal involves the sole question as to whether or not there was sufficient evidence of mistake or fraud to be submitted to the jury. The only evidence bearing upon the question is the testimony of plaintiff, Laura Evans. She testified both ways upon

the subject. In one portion of her testimony she said: "After we had our bargain with Winbrow he came back there and read the contract." At another time she testified that she had no conversation with Winbrow, the agent of defendant. However, it appears that she further testified that there was a misreading of the deed to her at the time of her signature, and that the defendant and his agent were present. The defendant Cowan denied that he was present, and Mr. Taylor, the justice of the peace, denied that there was any false reading of the deed.

Conflicting statements of a witness in regard to a material or vital fact do not warrant a withdrawal of the case from the jury. Such inconsistencies only affect the credibility of the witness, and it is the function of the jury to determine whether any weight or what weight shall be given to the testimony. *Shell v. Roseman,* 155 N. C., 90; *Christman v. Hilliard,* 167 N. C., 5; *Smith v. Coach Line,* 191 N. C., 589.

We hold, upon the record, that there was sufficient evidence to be submitted to the jury, and the judgment is

Affirmed.