# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GEORGE W. PRICE v. JULIA E. TRAVIS AND CITY OF NORFOLK.

### December 22, 1927.

1. STREETS AND HIGHWAYS—*Control of Legislature over Streets and High-ways—Control of Municipalities.*—It is well settled that public high-ways, whether they be in the country or in the city, belong, not partially but entirely, to the public at large, and that the supreme control over them is in the legislature. This plenary power over the streets to a certain extent is conferred by the legislature of the State upon the cities and towns thereof.

2. STREETS AND HIGHWAYS—*Acceptance of Street by City—City Paving and Building Sidewalks on Only Portion of Street.*—Cities are given the power to lay out streets of a reasonably safe width for travel, and accept and open for public use dedicated or paper streets throughout part or throughout their entire width in the exercise of their govern-mental discretion. They may pave such portions thereof and build sidewalks in such streets of such width as they consider to the best interest of the public.

3. STREETS AND HIGHWAYS—*Street as Accepted Becomes a Public High-way—Liability for Dangerous Obstructions.*—A street throughout its entire width as accepted or laid out becomes a public highway and the law forbids any person, or corporation, to place or maintain any dangerous obstruction in any portion of a road (street) which has been dedicated to and is being used for public travel.

4. STREETS AND HIGHWAYS—*Right of Traveler to use all parts of Street—Obstructions.*—Any part of the highway may be used by the traveler, and in such direction as may suit his convenience or taste. No private person has a right to place any obstruction which interferes with this right on any part of the highway within its exterior limits.

5. STREETS AND HIGHWAYS—*Abutting Owners—Erection of Fence on Plot which is on Paper Part of Street, but not on the part of the Street Paved and Accepted—Case at Bar.*—Defendant erected a fence in front of his house on the edge of the sidewalk on part of the street left unap-propriated and unused for public purposes, which so far as the physical condition showed was no part of the street, but in possession of the lot owners as part of their lots. The fence being outside of the street

as laid out by the city was not a dangerous obstruction upon the surface of the street within the meaning of the rule forbidding such obstructions, nor in the instant case could it be considered as a dangerous obstruction near to the laid out street, for which defendant was liable, because plaintiff was not injured by walking into or falling over the obstruction, but by stepping on the top rail of the fence which had fallen or been placed on the sidewalk.

6. STREETS AND HIGHWAYS—*Abutting Owners—Liability of Abutter Who Renders a Street Hazardous.*—Although a city has only an easement for a public street, the fee being in the abutting owners, and only a portion of that easement has been accepted by the city, still a property owner of the abutting lot, or any other person, cannot do any act which renders the use of a street hazardous or less secure than it was left by the municipal authorities.

7. STREETS AND HIGHWAYS—*Abutting Owners—Liability as Insurer—Things under the Surface of the Street or Sidewalk.*—An adjoining owner who builds such things under the surface of the sidewalk or street as areaways, hatchways, coal holes, etc., that are inherently dangerous unless properly protected by safe guards and covers, does so at his peril, and the adjoining owner must at all times maintain them in such condition as to *insure* the safety of travelers upon the street.

8. STREETS AND HIGHWAYS—*Abutting Owners—Liability as Insurer—Objects Suspended Over or Near Street.*—An abutting owner who erects objects suspended over or near a street, such as awnings, poles, cornices, window shutters, etc., that falling onto the street or sidewalk might injure a traveler, does so at his peril, and the abutting owner must at all times maintain them in such condition as to *insure* the safety of travelers.

9. STREETS AND HIGHWAYS—*Abutting Owners—Liability as Insurer—Objects Suspended Over or Near Street—Limitation of Rule.*—The rule that an abutting owner is liable as insurer of the safety of a sidewalk or street is not to be extended beyond owners and occupiers of buildings whose structures overhang the sidewalk.

10. NUISANCES—*Nuisance Per Se—Structures Overhanging Streets or Highways.*—To constitute a structure overhanging a street or highway a public nuisance, the first essential is that the thing or structure is without legislative authority. No authority is necessary for the owner to erect buildings or other things upon his premises, provided he does not injure others.

11. NUISANCES—*Streets and Highways—What is a Public Nuisance—Questions of Law and Fact.*—What is a public nuisance is a question of law for the court, but the existence of facts which the court may declare sufficient to constitute a public nuisance is a question of fact for the jury.

12. NUISANCES—*Nuisance Per Se—Streets and Highways.*—While there is
some confusion as to the meaning of the term nuisance *per se*, the
tendency of modern times is to restrict its use to such things as are
nuisances at all times and under all circumstances. The essential
characteristic of a public nuisance is that the thing imperils the
safety of a public highway. The obstruction or thing must be
dangerous and hazardous in itself, and it must be constructed and
maintained so as to insure absolute safety from injury by its falling
or travelers breaking through its guards or coverings. This doctrine
has been carried to the extent that coverings or fixtures may be
rendered unsafe without the knowledge of the owner, or by the
wrongful acts of others, and this would be no defense to his liability.

13. STREETS AND HIGHWAYS—*Public Nuisance—Fence Along a Sidewalk—
Case at Bar.*—In the instant case plaintiff was injured when she
stepped on a rail which had fallen to the sidewalk from the fence of
an abutting owner or been placed on the sidewalk. As a matter of
law the fence could not be declared a public nuisance, as it was not
in any sense dangerous or hazardous and similar structures are
common along sidewalks in many places in cities. Although con-
ceded that the fence was an enclosure of public property that ought
to have been open and free, therefore in law a purpresture, that fact
did not make it a nuisance.

14. STREETS AND HIGHWAYS—*Public Nuisance—Fence Along Sidewalk—
Proximate Cause—Plaintiff Stepping on Rail of Fence which had
Fallen onto the Sidewalk.*—In the instant case plaintiff was injured
when she stepped upon the top rail of a fence which had fallen or
been placed upon the sidewalk in front of defendant's house. Plain-
tiff was not injured by the rail falling upon her, but it fell or was
placed across the sidewalk, causing an unsafe street. In other
words, the construction and maintenance of the fence was not the
proximate cause of plaintiff's injury, but an independent supervening
force apparently, without the knowledge of the defendant, caused
the unsafeness of the sidewalk, from which the injury resulted.
*Held:* That defendant was not liable.

15. STREETS AND HIGHWAYS—*Rail or Fence of Abutting Owner Falling Upon
Sidewalk—Liability of Abutting Owner as Insurer—Case at Bar.*—A
dedicated public street was laid out and improved except upon the
south side where between the edge of the sidewalk and the property
line of the abutting owners four feet and a half was left unappropriated
and unused for public purposes, and so far as the physical condition
showed, was no part of the street, but in possession of the lot owners
as part of their lots. Defendant erected in front of his house along
the south side of the sidewalk on this grass plot a rail fence. The top
rail of this fence became detached in some manner and fell across the
sidewalk on the evening of the day of the accident. That evening

the plaintiff walking upon the sidewalk stepped upon this rail, fell and was painfully injured. The case was tried as to defendant on the theory that the erection and maintenance of the fence was a public nuisance, and, therefore, he was an insurer of the safety of travelers upon the sidewalk. This was the effect of an instruction given for the plaintiff.

*Held:* That the instruction which told the jury that the defendant was liable as an insurer was erroneous.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*Merrill & Machen,* for the plaintiff in error.

*L. S. Parsons, R. W. Peatross, George Read Martin,* and *Harvey E. White,* for the defendants in error.

CHRISTIAN, J., delivered the opinion of the court.

This cause involves the same record and judgment, except certain exceptions taken by the defendant Price, as that of the *City of Norfolk against Julia E. Travis, ante,* page 523, 140 S. E. 641, the opinion in which case was delivered today; therefore it will be necessary to set out herein only such of the facts proven at the trial as will aid in an intelligent discussion of the errors assigned by the defendant Price.

Redgate avenue, a dedicated public street of the city of Norfolk, sixty feet wide, had been laid out and improved throughout its southern width, in the block where the accident happened, except upon its south

side four (4) feet six (6) inches thereof, between the southern edge of the sidewalk and the property line of the lots abutting thereon, was left unappropriated and unused for public purposes, and so far as the physical conditions showed, was no part of the street, but in possession of the lot owners as part of their lots. In other words this four (4) feet six (6) inches was part of the street on paper, but unopened in fact.

Price owned No. 509 Redgate avenue, and had erected on the grass plot along the southside of the sidewalk in front of his house, a railing or fence eighteen inches high—consisting of one and one-quarter inch gas pipe driven into the ground at each end for posts with a rail of same pipe attached to the top of the posts. This railing or fence had been built about eighteen months prior to the accident and was to protect the grass upon that portion of the paper street included in his lot.

On the evening of the 26th day of October, 1925, the top rail of this railing or fence became detached in some manner from its supports, and fell across the sidewalk. About eight o'clock that evening Mrs. Travis, who was walking in a westerly direction along the sidewalk, stepped upon this pipe, fell and was painfully injured. She brought her action for damages for her injuries thus received against Price and the city of Norfolk, and recovered a joint judgment against both defendants for $1,500.00.

It developed in the progress of the trial, especially when the learned judge was called upon to instruct the jury, that there was a sharp difference of opinion among the parties as to the legal liability of the defendants for the injury of the plaintiff, and separate exceptions were taken, which made the severance of the case necessary in this court.

The defendant Price excepted to all the instructions given for the plaintiff and his co-defendant, and to the refusal of the court to set aside the verdict of the jury because contrary to the law and the evidence. He also excepted to the action of the court in refusing to give the three instructions asked by him.

This case was tried so far as Price was concerned upon the principle of law that the erection and maintenance of the railing or fence upon the unopened part of Redgate avenue was a public nuisance, and, therefore, he was an insurer of the safety of travelers upon the sidewalk. This was the effect of instruction 2 given for the plaintiff. So that the questions for our consideration are, was this railing or fence a nuisance at common law, and if so, was the danger such as a reasonably prudent person would have anticipated as the natural and probable result thereof?

[1] .The particular question presented by this record has never been decided by any court so far as we are advised, and it is certainly a case of first impression in Virginia, hence it will be necessary to state some of the rules of law in regard to highways, that proper deductions may be made therefrom. The basic rule of law on this subject, from which all others flow, is thus stated in the case of *City of Richmond* v. *Smith*, 101 Va. 161, 43 S. E. 345: "It is well settled that public highways, whether they be in the country or in the city, belong, not partially but entirely, to the public at large, and that the supreme control over them is in the legislature." This plenary power over the streets to a certain extent is conferred by the legislature of the State upon the cities and towns thereof.

[2-4] The cities are given the power to lay out streets of a reasonably safe width for travel, and accept and open for public use, dedicated or paper streets through-

out part or their entire width in the exercise of their governmental discretion. They may pave such portions thereof and build sidewalks in such streets of such width as they consider to the best interest of the public. Nevertheless the street throughout its entire width as accepted or laid out becomes a public highway and "the law forbids any person, or corporation, to place or maintain any dangerous obstruction in any portion of a road (street) which has been dedicated to and is being used for public travel." *Appalachian Power Company* v. *Wilson*, 142 Va. 468, 129 S. E. 277. "Any unauthorized obstruction which unnecessarily impedes or incommodes the lawful use of a highway is a public nuisance at common law." Elliott on Roads and Streets (2d ed.), section 644.

"Any part of the highway may be used by the traveler, and in such direction as may suit his convenience or taste. No private person has a right to place any obstruction which interferes with this right on any part of the highway within its exterior limits. * * * * * * * The duty of the town is to perform a positive act in the preparation and preservation of a sufficient traveled way. The duty of others is to abstain from doing any act by which any part of the highway would become more dangerous to the traveler than in a state of nature, or than in the state in which the town has left it." *Dickey* v. *Maine Telephone Company*, 46 Me. 485.

[5] The four feet six inches above mentioned, while part of Redgate avenue on paper, is outside of the street as laid out by the city, therefore, the erection of the railing or fence by Price thereon is not a dangerous obstruction upon the surface of the street within the meaning of the rule of law last above stated, nor could it be considered as a dangerous obstruction near to the

laid out street, for which the defendant was liable, because Mrs. Travis was not injured by walking into or falling over said obstruction.

[6] Upon principle the city having only an easement for a public street in Redgate avenue and the fee being in the abutting property owners, and only a portion of that easement had been accepted by the city, yet the property owner of the abutting lot, nor any other person, can do any act which renders the use of a street hazardous or less secure than it was left by the municipal authorities.   Dillon on Municipal Corporations, sections 1032-1033.  "The public right to the use of streets goes to the full width of the street and extends indefinitely upward and downward."   8 McQuillin on Municipal Corporations, section 2775.

[7, 8] From the facts and circumstances of the case at bar, Price's legal obligations and liability will have to be tested by the rules of law applicable to owners of property abutting upon the street.   There are two classes of things that an adjoining owner may do at his peril in connection with the public easement—first build such things under the surface of the s dewalk or street, as areaways, hatchways, coal holes, etc., that are inherently dangerous unless properly protected by safe guards and covers; that the owner must at all times maintain in such condition as to insure the safety of travelers upon the street—second, objects suspended over or near to the street—such as awnings, poles, cornices, window shutters, etc.—that falling onto a street or sidewalk might thereby injure a traveler.

Mrs. Travis claims that her case comes within the second class, viz, overhanging and falling objects, and cites *McCrorey* v. *Garrett*, 109 Va. 645, 64 S. E. 978, 24 L. R. A. (N. S.) 139, as authority to sustain her cosition.   This case was a suit for damages for injuries

received by the plaintiff while walking on the sidewalk
from the falling of an awning upon him.    Judge Har-
rison wrote the opinion of the court, and stated clearly
and succinctly, as was his habit, the cardinal issue
before the court, viz, whether the defendant who con-
structed and maintained an awning over a public side-
walk was an insurer of the safety of said awning, and,
therefore, liable as such to a traveler injured by its
falling upon him while walking along the sidewalk.
He then set forth the principles upon which the doc-
trine of insurer of the safety of the traveler is based,
and quoted the general rule of law on the subject as
set forth in Wood on Nuisances (3d ed.), vol. 1, section
275, as follows:  "It would seem that all sign boards,
cornices, blinds, awnings and other things projecting
over a walk or so situated with reference thereto that
if they fall they may do injury to travelers, are nuisan-
ces unless so secured as to be absolutely safe, and the
person maintaining them is liable for all injuries arising,
therefore, except such as are attributed to inevitable
accident."

The opinion then quotes from *Congreve* v. *Smith*, 18
N. Y. 79, where it is said:  "The general doctrine is
that the public are entitled to the street or highway
in the condition in which they placed it, and whoever,
without special authority, materially obstructs it, or
renders its use hazardous, by doing anything upon,
above or below the surface is guilty of a nuisance; and,
as in all other cases of public nuisances, individuals
sustaining special damage from it, without any want
of due care to avoid injury, have a remedy by action
against the author or person continuing the nuisance.
No question of negligence can arise the act being
wrongful."

Judge Harrison then states the conclusions of the
court in the case and what was decided, as follows:

"These authorities and others that might be cited, lead to the conclusion that, unless justified by legislative authority, the owner of an awning erected and maintained over a public street becomes as to persons lawfully using the street an insurer. He maintains the same at his own peril, and anyone receiving an injury from such awning, being himself free from blame, has a good cause of action against the owner thereof, regardless of the question of his negligence in the construction and maintenance of such awning."

The *Garrett Case* was followed by the case of *King, et al.* v. *Hartung*, 123 Va. 185, 96 S. E. 202, which was an action by Hartung, an infant, fo rinjuries received while in the street from the falling of a wagon gate that opened out into the street, which had been negligently constructed on the property of the defendants by an independent contractor but under the supervision of one of the owners. There was a judgment for the plaintiff, and upon error assigned the Supreme Court reviewed and affirmed the judgment.

The declaration based the plaintiff's right to a recovery upon the alleged breach of the duty of the defendants to keep their premises abutting on the street in such condition as not to result in injury to travelers. The case was tried upon the rule of law that the defendants were liable to plaintiff because of their negligence. Judge Kelly, in his opinion in this case, states that there is considerable confusion and conflict in the authorities, as to whether abutting property owners are insurers of the safety of travelers against dangerous condition of their premises, or their liability for objects falling from their premises and injuring travelers on the highway, is determined by the law of negligence, and then quotes 1 Thompson on Negligence, section 1199, where the author states the general rule that

"such an owner is not a guarantor or an insurer of the absolute safety of the sidewalk, and proof of negligence on his part is necessary to charge him with liability for an injury received therein."

Judge Kelly, however, was of opinion, from the quotation from Wood on Nuisances in *McCrorey* v. *Garrett, supra,* especially the sentence, "or so situated with reference thereto that if they fall they may do injury to travelers," that the Supreme Court had adopted the rule that owners or occupiers of abutting property are insurers of the safety of their premises as to passers-by on the street.

[9, 10] Examination of the *Garrett Case* will disclose that Judge Harrison was careful not to extend the rule of insurer of the absolute safety of the sidewalk beyond owners and occupiers of buildings whose structures overhang the sidewalk. Furthermore he stated in the definition of a nuisance *per se* or public nuisance the first essential thereto—that the thing or structure was without legislative authority, and no authority is necessary for the owner to erect buildings or other things upon his premises, provided he does not injure others. It would seem that whether the owner of premises abutting the sidewalk is an insurer of the safety of travelers from objects falling therefrom, or such owner is liable to the traveler upon the ground of negligence in maintaining his premises in a dangerous condition, is still unsettled in this State.

[11] We have carefully considered the principles upon which the law of public nuisances as to highways is based, because, "what is a public nuisance is a question of law for the court, but the existence of facts which the court may declare sufficient to constitute a public nuisance is a question of fact for the jury."

[12] There is no dispute about the facts in the in-

stant case, and while there is some confusion in the
books as to the meaning of the term nuisance *per se,*
the tendency of modern times is to restrict its use to
such things as are nuisances at all times and under
all circumstances, nevertheless the essential characteris-
tic of a public nuisance is that the thing imperils the
safety of a public highway; that the obstruction or
thing must be dangerous and hazardous in itself, and
must be constructed and maintained so as to insure
absolute safety from injury by its falling or travelers
breaking through its guards or coverings.   The courts
have carried this rule so far that the coverings or
fixtures may be rendered unsafe without the knowledge
of the owner, or by the wrongful acts of others, and this
would be no defense to his liability for the injury.

[13, 14] In view of this essential element of a public
nuisance this railing or fence could not be declared a
public nuisance as a matter of law.   It was not in any
sense dangerous or hazardous and similar structures
are common along sidewalks in many places in cities.
It might be conceded that it was an enclosure of pub-
lic property that ought to be open and free, therefore, in
law a purpresture, but that fact does not make it a
nuisance.   Furthermore the injury was not caused by
the top rail falling upon Mrs. Travis, but it fell or was
placed across the sidewalk—causing an unsafe street.
It is analogous to a building operation by the sidewalk,
where if the covering over the street for the protection
of travelers from falling bricks or other things be not
properly constructed or maintained, and a traveler is
injured by a brick or other thing falling upon him, the
contractor is liable as an insurer.   But if the brick or
other thing fall upon the sidewalk causing an obstruc-
tion thereof, and a traveler falls over it and is injured,
the contractor would be liable if he were proven negli-

gent. In other words, the construction and maintenance of the railing or fence was not the proximate cause of the plaintiff's injury, but an independent supervening force apparently, without the knowledge of the defendant, caused the unsafeness of the sidewalk, from which the injury resulted.

[15] It follows from the above stated principles of law, that the instruction that told the jury that Price was liable as an insurer is erroneous; and the judgment will be set aside, and the verdict of the jury annulled, and the case remanded for a new trial to be had upon the ground of negligence if the plaintiff is so advised.

*Reversed and remanded.*