## ESTHER G. WINGATE v. J. O. CAUSEY.

(Filed 26 September, 1928.)

**1. Bills and Notes — Actions — Defenses — Evidence Sufficient to go to Jury.**

Evidence by the payee, in an action against him to recover upon a post-dated check "for value received" that it was given in payment for a pair of mules, and that the check was to be cashed only in the event that the parties agreed that the mules were to be sold for cash, but upon certain terms of credit if sold on credit, and that the latter was agreed upon, should be submitted to the jury, and a judgment rendered on the admission of the defendant that he executed the check is erroneous.

**2. Malicious Prosecution—Termination of Prosecution.**

Where in the plaintiff's action to recover upon a check given by the defendant, and protested at the bank upon which it was drawn, the defendant sets up a counterclaim upon the ground that the plaintiff wrongfully and maliciously had him arrested, etc., it is necessary for the defendant to show the termination of the proceeding in his favor, as well as malice and want of probable cause.

APPEAL by defendant from *Grady, J.,* at March Term, 1928, of PITT.

Civil action to recover on a $400 check given to plaintiff by defendant, 3 February, 1922, "for value received," which went to protest.

In defense it was alleged, and there was evidence tending to show, that the check in question, which was post dated, represented the purchase price of a team of mules or horses, but was not to be used unless defendant sold said team for cash; otherwise, if sold on time, the check was to be taken up with good paper, which defendant says was offered, and, while first refused, was later reduced to judgment and assigned to plaintiff's principal by agreement, in settlement of said check.

Defendant also set up a counterclaim for malicious prosecution, in that, it is alleged, plaintiff wrongfully and maliciously had him arrested and arraigned before the Superior Court of Wilson County for uttering a worthless check.

From a judgment sustaining a demurrer to the counterclaim, and holding that the evidence offered in defense of plaintiff's claim was not sufficient to defeat a recovery, defendant appeals, assigning errors.

*No counsel appearing for plaintiff.*
*S. J. Everett for defendant.*

STACY, C. J., after stating the case: We think the evidence offered in defense of plaintiff's claim was sufficient to carry the case to the jury, and that the court erred in rendering judgment on the defendant's

admission that he issued the check held by plaintiff. The credibility of such evidence, however, is for the jury to determine. *Evans v. Cowan,* 194 N. C., 273, 139 S. E., 434.

But as it is not alleged that the criminal prosecution, which forms the basis of defendant's claim for damages for malicious prosecution, terminated in favor of the defendant, there was no error in sustaining the demurrer to the counterclaim. *Winkler v. Blowing Rock Lines,* 195 N. C., 673, 143 S. E., 213; *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577. Three things must be alleged and proved in an action for malicious prosecution: (1) malice, (2) want of probable cause, and (3) termination of proceeding upon which the action is based. *R. R. v. Hardware Co.,* 138 N. C., 174, 50 S. E., 571.

Error.