Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.
The evidence on behalf of the plaintiff tends to show that on 17 September, 1940, he was walking along the sidewalk on the south side of Wicker Street in the town of Sanford and struck his head against a shelter or roof which protruded out from the defendant's building and extended partly over the sidewalk. Plaintiff's right eye was injured and he ultimately lost the sight of it. The sidewalk slopes from east to west in front of defendant's building, and the shelter or roof of the building protrudes out from the building a distance of 54 inches and extends over a portion of the sidewalk. "At the east end of the shelter or roof it is 68 inches from the ground and at the west end it is 6 1/2 feet." The difference in height is due to the slope of the sidewalk. "The sidewalk is on a hillside, kinder elevated, the sidewalk slopes and street and all." Plaintiff was walking from east to west. A crowd was in front of defendant's building which was then used as a wiener stand or "chicken house." The rafter was in plain view and it was a clear, sunshiny day.
The plaintiff testified, as did the surveyor who measured the distance, that "the shelter or roof of that building protrudes out over the sidewalk."
One of plaintiff's witnesses testified: "The eaves extend out some distance from the walls of the building, 3 1/2 to 4 feet, I think. They do not extend out over the sidewalk or any portion of it."
The defendant contended that plaintiff's injury was due to his own inattentiveness, and that as landlord or owner of the building he was not liable.
From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.
We think the case is one for the jury. True, there is evidence that the eaves of defendant's building do not extend over any portion of the sidewalk. There is also evidence that they do. This presents a conflict in the testimony of plaintiff's witnesses, solvable alone by the jury. Franckv. Hines, 182 N.C. 251, 109 S.E. 21; Shell v. *Page 197 Roseman, 155 N.C. 90, 71 S.E. 86; Evans v. Cowan, 194 N.C. 273,139 S.E. 434.
The general rule is, that when a landlord or owner "knowingly demises premises in a ruinous condition or in a state of nuisance," or "where he authorizes a wrong," he renders himself liable to third persons for injuries resulting therefrom. Knight v. Foster, 163 N.C. 329,79 S.E. 614; Rucker v. Willey, 174 N.C. 42, 93 S.E. 379; Brooks v.Mills Co., 182 N.C. 719, 110 S.E. 96; Price v. Travis, 149 Va. 536,140 S.E. 644, 56 A.L.R., 209; 13 R. C. L., 404; 25 Am. Jur., 566.
Applying this principle to the facts in hand, it would seem that the evidence is sufficient to carry the case to the jury.
Reversed.